### 26683.   STANFIELD v. BREWTON et al.

Argued September 13, 1971—Decided September 27, 1971.

*Cowart & Cowart, Dan S. Cowart, C. L. Cowart,* for appellant.

*Robert J. Duffy,* for appellees.

Mobley, Presiding Justice. J. E. Brewton, the owner of a lot in the Stafford Subdivision, on behalf of himself and other lot owners similarly situated, brought an action for injunction against B. L. Odum and other named lot owners in the subdivision, alleging that the defendants are interfering with the unrestricted use of streets and a public park dedicated by the creators of the subdivision for the use of all of the lot owners. Verdict was returned in favor of the plaintiffs, and judgment was entered permanently enjoining the defendants from interfering with or restricting the plaintiff and other lot owners in their rightful and lawful use of the public park and streets, as shown on the recorded plat of the subdivision.

J. M. Stanfield, Jr., one of the defendants, filed a motion for new trial, which was denied, and he appeals from this judgment.

In addition to the usual general grounds, the motion contained two special grounds. The first was that at the time of the trial the appellant's plea to the jurisdiction had not been ruled on. The second special ground was that the ap-

pellant was not present at the trial because his attorney had misinformed him as to the date of the trial, and such attorney has since absconded and his whereabouts is unknown to the appellant.

■ It is asserted by the appellant that the verdict is contrary to the evidence because the evidence was presented in support of another case.

The transcript shows that at the beginning of the trial the judge called a case by a different name and number than the case now on appeal. Counsel for the appellees, in his opening remarks to the jury, informed them that the case on trial was that of J. E. Brewton, and others similarly situated, in a subdivision known as the Stafford Subdivision.

The transcript of the hearing on the motion for new trial contains a discussion between the judge, counsel for the appellant, and counsel for the appellees in regard to the confusion as to the two cases. From this discussion it appears that both cases were class actions by owners of lots in the Stafford Subdivision against the same defendants. It was agreed between counsel for the appellant and counsel for the appellees that it was the Brewton case that was tried.

There is no merit in the contention that there was no evidence to support the verdict because the evidence was in another case.

(a) None of the defendants appeared when the case was tried. The evidence offered for the plaintiffs (appellees) showed: In 1946, W. I. Stafford, Sr., and W. I. Stafford, Jr., subdivided property owned by them in McIntosh County. A plat of this subdivision was recorded and lots were sold with reference to the plat. The plat had designated thereon lots, streets, and an area marked "public park" fronting on the Sapelo River. Owners of lots in the subdivision used the streets and park for a number of years, until the defendants interfered with their use by placing structures and obstructions in the park.

Where the owners of a tract of land subdivide it into lots,

record a map or plat showing such lots, with designated streets and a public park, and sell lots with reference to such map or plat, the owners are presumed to have irrevocably dedicated such streets and park for the use of all of the lot owners in the subdivision. *Schreck v. Blun,* 131 Ga. 489 (62 SE 705); *East Atlanta Land Co. v. Mower,* 138 Ga. 380 (75 SE 418); *Ashford v. Walters,* 160 Ga. 350, 353 (127 SE 758); *Tietjen v. Meldrim,* 169 Ga. 678 (9) (151 SE 349); *Caffey v. Parris,* 186 Ga. 303 (1) (197 SE 898); *Thompson v. Hutchins,* 207 Ga. 226 (1a) (60 SE2d 455); *Young v. Sweetbriar,* 222 Ga. 262, 266 (149 SE2d 474).

(b) The owners of lots in the subdivision have an easement in these public areas whether or not there has ever been an acceptance of the dedication by public authorities or the public generally. *Ford v. Harris,* 95 Ga. 97, 100 (22 SE 144); *Westbrook v. Comer,* 197 Ga. 433 (3) (29 SE2d 574); *Owens Hardware Co. v. Walters,* 210 Ga. 321 (1) (80 SE2d 285).

(c) A deed was introduced in evidence, executed in 1953, from the Staffords to Byrom M. Fitzgerald, which conveyed all of the property in the subdivision with the exception of numerous designated lots which had previously been sold by the Staffords. This deed referred to the plat of the subdivision as recorded in the clerk's office, and stated that it was made "subject to the rights and privileges granted the purchasers of the lots above enumerated and excepted as is set out in the deeds conveying said lots to said purchasers."

Byrom M. Fitzgerald is the predecessor in title of some of the lot owners claiming an easement in the streets and park in the Stafford Subdivision. It is asserted by the appellant that Fitzgerald reserved to himself the right to use the park and waterfront, and that the lot owners deriving their title through him have no right to use these areas.

One of the deeds executed by Fitzgerald introduced in evidence contains the following language: "For the consideration aforesaid, the parties of the second part, their heirs, assigns and legal representatives, shall also have the following rights and easements, to wit: A non-commercial

right to the water front on Sapelo River adjacent to the park as shown on said map or plat; the right of ingress and egress, and the right to the use of all septic tanks, sewers and drains adjacent to said lot herein conveyed, now or hereafter made, or passing under, or along any of the streets adjoining said lot, with the right to connect therewith. The party of the first part reserves unto himself the unrestricted right to put the park and water front as shown on said map or plat to any lawful uses desired, which reservations and rights shall not conflict with any rights herein granted second party." Similar language appears in other conveyances made by Fitzgerald.

Prior to the time these deeds were made, the Staffords had irrevocably dedicated the park and streets of the subdivision to the use of the owners of lots in the subdivision. Fitzgerald purchased and sold the lots owned by him in accordance with the map and plan of the subdivision. He was thus estopped to deny the dedication, in the same manner that the original dedicators were estopped. *Tietjen v. Meldrim,* 169 Ga. 678, 701, supra. He could reserve no right in himself which would have the effect of denying any lot owner in the subdivision an easement in the public areas of the subdivision. Should it have been intended by the reservation in the conveyances made by Fitzgerald to withhold any rights appurtenant to the lots from his grantees, such attempted reservation would be ineffective to withdraw the right of any lot owner to use the park and streets under the dedication of the creators of the subdivision.

The evidence authorized the verdict, and it was not error to overrule the general grounds of the motion for new trial.

■ The appellant asserts as a special ground of the motion for new trial that his plea to the jurisdiction was pending and undisposed of at the time of the verdict and judgment. The plea was on the ground that he is a resident of Tattnall County, and not McIntosh County, where the action was brought.

The other two defendants were residents of McIntosh

County. The case was an equitable one, the primary relief sought being a permanent injunction, and it could be tried in any county where a defendant resided against whom substantial relief was prayed. Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903).

Since there was no merit in the appellant's plea to the jurisdiction, he was not harmed by the court's failure to rule on it prior to the trial of the case.

■ The second special ground of the motion for new trial asserts that: At the time of the trial the appellant was represented by counsel, who has since absconded and his whereabouts is unknown to the appellant. A few weeks prior to the trial the appellant inquired of his counsel when the case would be tried, and was misinformed by his counsel that it would be tried in June, 1970, when in fact the case was on the calendar for May, 1970. He is not a resident of the County of McIntosh and had no knowledge that the case would be tried in May until it was in progress, and he was then unable to reach the courthouse in McIntosh County from his home in Tattnall County until after the trial had been completed. He had a valid defense to the case "by reason of his ownership of realty which was of the subject matter of said case, which said property has never been dedicated as a public park or for public use."

Error is enumerated on the failure of the court at the hearing of the motion for new trial to admit in evidence in support of this ground a letter and envelope dated December 15, 1969, purporting to be from the office of Sam Johnson, counsel for the appellant at the time of the trial, in which letter it was stated that the appellant's case would not be tried until the June term of McIntosh Superior Court.

In order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. *Ferrill v. Marks,* 76 Ga. 21 (2); *Atkinson v. First Nat. Bank of Hawkinsville,* 138 Ga. 127 (2) (74 SE 1030); *Peavey v. Crawford,* 192 Ga. 371

(2) (15 SE2d 418). The fact that counsel for a party neglected either to appear for trial or to notify his client is not sufficient ground to authorize a new trial. *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (2) (92 SE 934); *Caylor v. Wheat,* 210 Ga. 429 (2) (80 SE2d 688).

The only defense which the appellant asserted to the injunctive action was that he owned property in the Stafford Subdivision fronting on the Sapelo River, that the park shown on the map of the subdivision was not dedicated, and that the deeds of the plaintiffs had reservations in them.

As shown by the first division of this opinion, the Staffords had created a subdivision and sold lots with reference to a recorded plat; which plat designated a public park in the area adjacent to the Sapelo River. This constituted an irrevocable dedication of the park, by the Staffords, whether or not any direct grant of an easement in the park was included in any deeds to the lot owners. After such irrevocable dedication, subsequent owners of the lots could make no reservation of this park area to themselves which would defeat the easement of all lot owners.

The appellant is not entitled to a new trial, and error, if any, in refusing to consider evidence that he had been misled by his own counsel will not require a reversal of the judgment denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*