## 30720. WALKER v. DUNCAN et al.

HALL, Justice.

Owners of lots in a subdivision located near a lake sought to enjoin the developer of the subdivision from building a club and condominiums around the lake. The trial court granted partial summary judgment in favor of the plaintiff landowners, and the developer appeals. We affirm. When a developer sells lots according to a subdivision plat, which has a lake area designated on it, the purchasers acquire an irrevocable easement in that park, with which the developer may not interfere.

When Homer Walker, Sr. died in 1947 his land was divided equally among his widow and two sons. They drew and recorded a subdivision plat, but in 1955, they recorded a resubdivision of the original plat. Lots were then sold referring to the newer plat, which included several streets and the lake area designated Tommy Walker Memorial Park.

In 1974, the developer built a large shed, since destroyed by fire, on the northern portion of the lake, and filed a request to rezone the southern half of the lake for condominiums. The subdivision owners notified the developer of their dissatisfaction with the plans, and of their intention to protect their rights. Thereafter, they filed their complaint to enjoin any actions by the developer interfering with their rights in the southern portion of the lake and park as shown on the subdivision plat. They later amended their petition seeking to enjoin

the development of the northern portion of the lake area also.

The partial summary judgment granted to the lot owners enjoins the developer from any interference with the rights of the lot owners in the southern portion of the park. It is only this judgment that is now before us on appeal.

It is well-established that where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use. *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929). An easement acquired in this manner is considered an express grant, and is an irrevocable property right. The rationale is that the grantees of the property have given consideration for its enhanced value in the increased price of their lots. *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 353) (1971); *East Atlanta Land Co. v. Mower,* 138 Ga. 380 (75 SE 418) (1912).

The developer of the Walker Park Subdivision in laying out the lots set apart certain areas for streets and another area, which included the southern part of the lake, labelled Tommy Walker Memorial Park. The property owners were enticed into purchasing their lots, and presumably paid a greater price for them, by the implied promise of the developer to preserve this lake area as a park. Thus, we hold that the developer had granted an easement to use Tommy Walker Memorial Park to the property owners, and the trial court properly enjoined any interference with that right by the developer, as a matter of law.

We note also that the parties below had addressed this issue in terms of dedication to the public. It is true that the recording of a subdivision plat not only acts as the grant of an easement to the purchasers of the property, but also raises a presumption of intent to dedicate to the public. *Ross v. Hall County Board of Commissioners,* 235 Ga. 309 (219 SE2d 380) (1975); *Carroll v. DeKalb County,* 216 Ga. 663 (119 SE2d 258) (1961); *Savannah Beach, Tybee Island v. Drane,* 205 Ga. 14 (52 SE2d 439) (1949). However, we need not reach this issue here. Since it is the property owners who seek to enjoin the developer, the questions of dedication to, and acceptance by, the

public do not arise.
*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED FEBRUARY 24, 1976.

*Byrd, Groover & Buford, Denmark Groover, Jr., Walker, Clarke, McConnell, Richardson & Moore, L. A. McConnell, Jr.,* for appellant.
*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown, James, Shipp & Wilcox, T. D. Wilcox,* for appellees.