### 32124. SMITH et al. v. CLAY et al.

UNDERCOFLER, Presiding Justice.

W. L. Kilgore originally platted a subdivision in Gwinnett County in 1957. Defendant Clay purchased three lots in the subdivision in 1964 that had originally been sold to his predecessors in title in 1957, with reference to this subdivision plat. In 1958 Kilgore sold most of the acreage to plaintiff Smith's predecessor in title in a deed making reference to the subdivision plat as revised and recorded. The southeast corner of Clay's

property borders on a road which is shown on the subdivision plats, but which was not sold as part of the bulk of the property now belonging to Smith. This road has never been developed. In 1973, Kilgore, by warranty deed, sold half of the road to Clay, who then began an addition to his building which Smith claims will encroach on the subdivision's right of way. Smith thus sought to enjoin the encroachment by filing this suit.

The issues were submitted to the jury in a series of three questions, which are set out below. The jury's instructions were not to answer questions 2 and 3, if question 1 was answered in the negative, and the jury so answered question 1. The trial court accordingly entered a judgment in favor of Clay. We reverse and remand for further proceedings.

Question 1 posed the question: "Did W. L. Kilgore lay out and dedicate a 50 foot easement or right of way for a street in connection with a subdivision of his property so as to grant the use therein to purchasers of lots in said subdivision?" Since Kilgore recorded a subdivision plat showing such a street and sold lots pursuant to it, he as a matter of law created such easements in favor of the property owners in the subdivision, and the jury was not authorized to find otherwise. *Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675) (1976). Thus the trial court's judgment on this question must be reversed.

Under the trial court's instructions, the jury did not reach questions 2 and 3. Question 2 was "Has such an easement or right of way been abandoned by the successors in title to W. L. Kilgore?" This question also may be decided as a matter of law.

It is clear from *Tietjen v. Meldrim,* 169 Ga. 678, 699 (151 SE 349) (1929), that "no presumption of abandonment arises from mere nonuser for a time less than that required for the perfection of the easement by prescription." An easement may be acquired by prescription in twenty years unless there is some color of title, in which case only seven years is required. Code Ann. §§ 85-409, 85-407, 85-406; *Hogan v. Cowart,* 182 Ga. 145 (184 SE 884) (1935); *Smith v. Bentley,* 70 Ga. App. 13 (27 SE2d 252) (1943). Pretermitting the question when the time should commence to run, in this case since the

subdivision was platted in 1957, the twenty-year period could not possibly have run out. Therefore, we hold as a matter of law that the road could not have been abandoned.

Question 3 posed by the trial court required the jury to determine, "Is there a building or other encroachment placed on said easement or right of way by the Defendants?" This is a fact issue to be determined below. Since the jury did not reach this question, the case must be remanded for that purpose.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

SUBMITTED MARCH 18, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 21, 1977.

*Jordan & Jordan, Hill Jordan,* for appellants.
*Tom Williams,* for appellees.