32963, 32964. DOUGHTIE et al. v. DENNISSON et al. (two cases).

UNDERCOFLER, Presiding Justice.

The trial court granted Dennisson's motion for summary judgment and entered a permanent injunction against Doughtie preventing him from building on a lakefront lot in the City of Berkeley Lake, Gwinnett County. This court affirmed the grant of the interlocutory injunction in *Doughtie v. Dennisson,* 238 Ga. 695 (235 SE2d 379) (1977). Doughtie again appeals and we affirm.

Doughtie argues that the trial court incorrectly interpreted the restrictive covenant on which Dennisson relies and should have granted his motion for summary judgment rather than Dennisson's. In the alternative, he argues that his defenses of waiver, unclean hands, and laches create issues of fact which require a jury trial. We disagree.

The restrictive covenant refers to the original subdivision plat which is included in the record. It shows several unnumbered areas designated "reserved FPR" along the lakeshore. It is undisputed that these areas were intended to allow access to the lake. Doughtie, however, maintains that the twenty-five foot strips that have now been set aside between his and the other lots created in the former "reserved FPR" area are sufficient for this purpose.

As we said in *Walker v. Duncan,* 236 Ga. 331, 332 (223 SE2d 675) (1976): "It is well-established that where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use. *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929). *An easement acquired in this manner is considered an express grant, and is an irrevocable property right.* The rationale is that the grantees of the property have given consideration for its enhanced value in the increased price of their lots. *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 353) (1971); *East Atlanta Land Co. v. Mower,* 138 Ga. 380 (75 SE 418) (1912)." (Emphasis supplied.) We think the same applies here.

The purpose of the "reserved FPR" area is set out in the restrictive covenants. "The grantee shall have the privilege, . . . to use the lake known as Berkeley Lake, and

the areas marked on the subdivision plats 'reserved FPR' owned by grantor, for fishing, swimming, hunting and boating subject to the following conditions . . . (m) The area marked 'reserved FPR' on the subdivision plat may be used by the grantee for the purpose of passing and repassing to and from the shore of the lake in the way now used for that purpose or by any other way which may be hereafter selected or provided by the grantor within such areas, and the grantee shall not have the right to construct piers, docks or any other structures or obstructions in such areas." We read this paragraph to mean that the FPR areas have been set aside for recreation as well as for passage to and from the lake itself. But even giving it the more restricted construction argued by Doughtie, that the areas were established only as lake access, the developer can not take back part of the area already irrevocably granted to the subdivision owners. The entire area must be available for use by them. The developer (or his successor) may not set aside large areas for recreational use and induce people to buy, then reduce the size of the reserved area and create and sell new lots.

The trial court properly granted Dennisson's motion for summary judgment and denied Doughtie's. Although we have based our ruling on the easement created by the subdivision plat, rather than on the restrictive covenant, the trial court will be affirmed for any reason. After a thorough review of the record and transcript, we also find that there are no genuine issues of material fact as to Doughtie's defenses of waiver, unclean hands and laches. The judgment therefore is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 17, 1977 — DECIDED NOVEMBER 29, 1977.

*Harland, Cashin, Chambers, Davis & Doster, Thomas J. Venker, Harry L. Cashin, Jr., Smith, Cohen, Ringel, Kohler & Martin, Kenneth Millwood,* for appellants.

*G. Hughel Harrison, Gerald Davidson, Jr.,* for appellees.