35360. SAWYER v. BUSH et al.

PER CURIAM.

Appellant Sawyer developed Lake Myrtice in 1961, divided the property surrounding the lake into lots and created Lakewood Terrace subdivision. Sawyer retained title to the lake. The drainpipe of the lake failed in 1977. For a period of four-five months, the lake was drained. During that time, aquatic weeds, grass and other vegetation grew in the west end of the lake behind the home of appellees, George and Jenene Bush. After the drainpipe was repaired, Lake Myrtice was again filled; no effort was made to clear the west end before refilling the lake. Appellees brought this suit for damages and injunctive relief in 1978, alleging that the west end of the lake had become marshy, filled with noxious material, and a breeding ground for pests, especially mosquitoes and water moccasins. The trial court on cross motions for summary judgment granted appellees a permanent injunction and found against appellant on the issue of liability only. The issue of damages was reserved for trial. The lakeowner appeals. We reverse.

1. Appellant argues that the trial court erred in concluding that Lake Myrtice was part of the development scheme of Lakewood Terrace subdivision, that appellees have an implied easement in Lake Myrtice, and that appellant has any duty to maintain the lake. The

evidence is undisputed that the subdivision was created around the lake, that Lake Myrtice was designated on the plat and that landowners in the subdivision were expressly granted rights of access and use of the lake. Members of the subdivision, like George and Jenene Bush, acquired both express and implied easements in the lake. *Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675) (1976); *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 352) (1971).

Appellant argues that the subdivision landowners' rights terminate in 1982 under the terms of the covenants and restrictions filed with the plat of the subdivision. The trial court found that the restrictions on buildings, such as setback and size of home, are extended for two successive ten-year periods beginning in 1982 unless over 75 percent of the lot owners agree in writing to some change and that this extension does not apply to any covenants granting recreational rights in the lake to subdivision homeowners. This ruling follows the plain meaning of the restrictions and is affirmed.

2. Appellant also contends that the trial court erred in granting summary judgment on the issue of liability and the permanent injunction requiring appellant to remove the vegetation from the west end of the lake because a genuine issue of fact exists as to whether the conditions in the lake are noxious. We have carefully reviewed the depositions and affidavits in the record and conclude that the trial court erred in concluding that no genuine issue of material fact exists. *Leake v. City of Atlanta,* 146 Ga. App. 57 (2) (245 SE2d 338) (1978).

*Judgment reversed. All the Justices concur.*

Submitted September 7, 1979 — Decided November 28, 1979.

*Thomas H. Baxley,* for appellant.
*Stone & Stone, William S. Stone,* for appellees.