## 36448. HIGGINS v. ODOM.

BOWLES, Justice.

In 1969, the real property of Cleo Roberts was sold by auction. Prior to the sale, Mr. Roberts had a subdivision plat of the land prepared showing the various building lots to be sold, the subdivision's streets, and a lake. Plats were distributed at the auction and lots were sold by lot number. Lots adjacent to the lake brought more money than non-adjacent lots.

Mamye S. Higgins, appellant, is the owner of a lot adjacent to the lake as is Lottie H. Odom, the appellee. In 1975, Cleo Roberts purported to sell the lake to one John Lengel who in 1978 purported to sell it to Mrs. Odom. Mrs. Odom made plans to erect a fence around the lake "to prevent trespassers from going on her property without her permission." Mrs. Higgins brought suit seeking to enjoin the erection of the fence and to enjoin any other interference with her use of the lake. The trial court found that Mrs. Odom had title to the lake and could exercise control and dominion over it. The court found further that Mrs. Higgins had no rights in or to the lake.

We reverse. "When a developer sells lots according to a subdivision plat, which has a lake area designated on it, the pur-chasers acquire an irrevocable easement in that park, with which

the developer may not interfere." *Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675) (1976). "The availability of the lake constitutes a material part of the value of the adjoining property, and is often the principal incentive for its purchase. It is precisely in the same category as a recreational area or park shown as such on a subdivision plat, and the sale of lots by reference to the plat should be regarded as in effect a dedication of the lake as a recreational area for the benefit of all adjoining owners. And, where the plat also provides access to the lake from lots not fronting on the water, a similar rule should apply . . ." Pindar, Ga. Real Est. Law (2nd ed.) § 6-23, p. 167. See also, *Smith v. Bruce,* 241 Ga. 133, 141-144 (244 SE2d 559) (1978) and *Segars v. Cornwell,* 128 Ga. App. 245, 248 (196 SE2d 341) (1973). Mrs. Higgins has an easement in the lake with which Mrs. Odom cannot interfere.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 11, 1980 — DECIDED SEPTEMBER 9, 1980.

*Robert F. Higgins, Audrey P. Biloon,* for appellant.
*Frank Childs, Jr.,* for appellee.