41206. ALTMAN et al. v. QUATTLEBAUM et al.
(320 SE2d 179)

WELTNER, Justice.

This appeal is from a judgment declaring void a zoning ordinance, and enjoining construction of multi-family dwellings.

At the complaint of owners of homes located in the Twin Lakes subdivision, the trial court ruled that the zoning ordinance under which the building permits were issued had been adopted without

requisite notice. It held also that the complainants had the right to use the questioned property for recreational purposes, relying upon the filing of the original subdivision plat for record during the 1920's, and the sale of lots by reference to the plat.

1. At the corners of the original subdivision plat were areas designated "Railroad Station," "Hotel Site," and "Recreational Center." Within the tract designated "Recreational Center" is a space marked "Pavilion and Bath House." The contemplated railroad station and hotel were never built. A commercial boating and swimming venture, however, had been in existence on the tract designated "Recreational Center" long before the subdivision plat was filed of record. This enterprise was operated through the years by successive owners, including the subdivision developer, until it was closed to all customers (including subdivision lot owners), leased to the Young Men's Christian Association, and then sold to the present owner. From the time that the center was operated as a commercial venture until 1973, subdivision lot owners, as well as members of the general public, were charged fees for boating and swimming privileges. There was testimony that some subdivision lot owners had used picnic facilities without charge. While in commercial use, the tract was under fence, except for the lake frontage, and it was closed each year to everyone from after Labor Day until early April. No subdivision lot owner ever complained of having to pay use fees, or of being excluded during the fall and winter seasons, or of exclusion from the tract while used by the YMCA, or when it was closed later to *all* uses. There were no deed covenants, plat restrictions, or property association agreements in reference to the tract.

On the basis of these considerations (for the most part undisputed) and as a matter of law, no right to use the tract was ever acquired by subdivision lot owners. *Walker v. Duncan*, 236 Ga. 331 (223 SE2d 675) (1976); *Dunaway v. Windsor*, 197 Ga. 705 (30 SE2d 627) (1944); *Tietjen v. Meldrim*, 169 Ga. 678 (9) (151 SE 349) (1929); *East Atlanta Land Co. v. Mower*, 138 Ga. 380 (75 SE 418) (1912).

2. The complainants lacked standing to complain of the change in zoning, as the record fails to establish that they have suffered a substantial damage to a substantial interest. *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 193) (1984). It further fails to establish that property values of subdivision lot owners will be diminished as a result of the new construction. Increased water traffic resulting from a zoning change — like increased road traffic — is not such damage as will confer standing. *Lindsey Creek &c. Assn. v. Consolidated Govt. of Columbus*, 249 Ga. 488, 491-492 (292 SE2d 61) (1982).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Langdale, Vallotton & Hickman, William P. Langdale, Jr., Gary M. Wisenbaker, Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellants.

*Nicola M. Bajalia, H. B. Edwards III, Oris D. Blackburn, Jr.,* for appellees.

*J. Stephen Gupton, Jr.,* amicus curiae.