S95A0658. HAMPTON RIDGE HOMEOWNERS ASSOCIATION, INC. v. MARETT PROPERTIES, LTD.
(460 SE2d 790)

BENHAM, Chief Justice.
This case concerns the recreational facilities in Hampton Ridge subdivision. On the plat recorded at the time of subdivision, one tract was designated as "recreational area." A swim and tennis facility was constructed there by the developer. Subsequent to the filing of the plat, a Declaration of Covenants and Restrictions ("the Declaration") was filed, followed by a document entitled "Consent to be Bound," ("Consent") in which the owners of all the lots in the subdivision agreed to be bound by the Declaration. A dispute arose several years later concerning assessments for the recreational area. During the dispute, appellee Marett Properties, Ltd. ("MPL"), successor to the developer, did not pay the property taxes on the recreational area for 1989. In 1990, the members of appellant Hampton Ridge Homeowners Association, Inc. ("Hampton Ridge") withheld the assessments for maintenance of the recreational area. When the property was sold by the county at a tax sale, appellee Jean Marett ("Marett"), wife of the owner of MPL's corporate general partner, bought the tract. Hampton Ridge filed this action seeking title to the recreational area and the imposition of a constructive trust on amounts paid by homeowners in 1989 as assessments for the recreational area. After presentation of Hampton Ridge's case, the trial court granted a directed verdict to MPL and Marett on both claims. Because the evidence of record establishes that any easement granted by the plat was surrendered to the developer and fails to establish any misappropriation of assessments paid by homeowners, we affirm the trial court's judgment.

1. Hampton Ridge bases its claim to title to the recreational area

on the designation of that tract in the plat as "recreational area." Where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use, and that easement is an irrevocable property right. *Doughtie v. Dennisson*, 240 Ga. 299 (240 SE2d 89) (1977). They cannot be deprived of that right except by express abandonment, or by such conduct on their part as would be tantamount to express abandonment. *Westbrook v. Comer*, 197 Ga. 433 (5) (29 SE2d 574) (1944). In the present case, however, there is an express abandonment of the easement. Subsequent to the filing of the plat, the owners of every lot in the subdivision agreed in the Consent to be bound by the Declaration. That document provided in turn that the developer would retain fee title to and all rights in all property owned by the developer and designated as common property or for public use, "[n]otwithstanding any legal presumption to the contrary." The phrase "all rights," in that context, would include any easement created prior to the filing of the Declaration and the Consent. We agree, therefore, with the trial court that the Declaration and the Consent, taken together, constituted a relinquishment by the predecessors in title of all current property owners in the subdivision of any easement they may have acquired by the filing of the plat. Uncontradicted testimony at trial established that the relinquishment was voluntarily made for the purpose of establishing a mandatory homeowners' association as a source of funds for the maintenance of the recreational property. Since the evidence established without dispute and as a matter of law that any easement in the recreational area which may have been granted by the plat was expressly abandoned, Hampton Ridge may not rely on the plat as a source of any right to the recreational property. There being no other basis asserted here for their claim of title, we conclude that the grant of directed verdict on that issue was correct.

2. In addition to seeking title to the recreational area, Hampton Ridge also sought the imposition of a constructive trust on the money paid by homeowners in 1989 as assessments for maintenance of common areas of the subdivision. A constructive trust "is a remedial device created by a court of equity in order to prevent unjust enrichment. [Cit.]" *Lee v. Lee*, 260 Ga. 356 (2) (392 SE2d 870) (1990). The essence of Hampton Ridge's argument in favor of impressing a constructive trust on the funds paid by homeowners as assessments is that the Declaration requires that the money be spent for the benefit of the subdivision, but the taxes and utilities bills on the recreational property were not paid in 1989. From the failure to pay those expenses, Hampton Ridge reasons that there was a breach of fiduciary duty which would make it inequitable for MPL to retain the funds. As the trial court pointed out, however, there was no evidence that the assessments were spent on anything not provided for in the Dec-

laration. The ledger of income and disbursements for the subdivision was before the court, but Hampton Ridge did not point to any improper payments. All that was shown was that Hampton Ridge disagrees with the priorities according to which the money was disbursed. That does not amount to a showing of a breach of fiduciary duty. Compare *Murray County v. Pickering*, 196 Ga. 208 (2) (26 SE2d 287) (1943), where an agent received funds to be used for the benefit of the principal, but took more than half the funds for his own use. Since Hampton Ridge was unable to establish any breach of fiduciary duty by any defendant, the trial court correctly directed a verdict on the issue of constructive trust.

*Judgment affirmed. All the Justices concur. Hines, J., disqualified.*

DECIDED SEPTEMBER 11, 1995.

*Awtrey & Parker, Harvey D. Harkness, Lisa G. Gunn,* for appellant.

*Mark A. Johnson,* for appellee.