## A02A1004. PATTERSON et al. v. POWELL et al.
### (571 SE2d 400)

JOHNSON, Presiding Judge.

Warren and Kay Powell brought an action for declaratory and injunctive relief against their neighbors, William and Jane Patterson, after the Pattersons attempted to restrict the Powells' use of a lake located in the parties' subdivision. The Pattersons appeal from the trial court's judgment in favor of the Powells.[1]

The following facts are undisputed. In 1974, the Powells purchased from developer C. T. Wessinger a tract of land situated in a subdivision known as Lake Frank Estates. The Powells' property adjoins Lake Frank. The Powells were the first purchasers in the subdivision, and Wessinger relocated their driveway so that they could take advantage of the lake. A plat of the subdivision depicted the Powells' property as adjoining Lake Frank, though Wessinger maintained title to the lake itself. A 1971 protective covenant provided, among other things, that Lake Frank homeowners could use the lake; the covenant expired on its own terms in 1996.

In 1989, Wessinger sold a lot in the subdivision to the Pattersons. The Pattersons' tract included the lake and a parcel of land adjoining the lake. As the lake's new owners, the Pattersons informed the Powells that the Powells could no longer use the lake. The Powells sued to establish their right to use the lake, and to enjoin the Pattersons from interfering with that right. The trial court found that the Pattersons owned the lake, and that the Powells were entitled to use the lake because they acquired a permanent easement as an appurtenance to the purchase of their property. The court further held that the Powells' right to use and enjoy the lake was an express grant and an irrevocable property right, and that the Pattersons could not interfere with the Powells' use of the lake.

On appeal, the Pattersons contend the trial court erred in determining that the Powells' right to use the lake was by virtue of an express grant and that the Powells have an irrevocable right to use the lake. According to the Pattersons, the Powells' rights are limited to those set forth in the protective covenants, and any rights the Powells had regarding the lake expired with the covenant in 1996. Because the Powells' easement rights were not established by the covenant, but by the subdivision plat, we disagree with the Pattersons and affirm the judgment of the trial court.

---

[1] This Court, rather than the Supreme Court, has jurisdiction of this appeal because it concerns issues involving use of and access to land rather than title to land. Const. of Ga., Art. VI, Sec. VI, Par. III (1); see *Henderson v. Easters*, 178 Ga. App. 867, 869 (1) (345 SE2d 42) (1986).

In *Walker v. Duncan*[2] the Supreme Court held that a developer could not interfere with the lot owners' use of a lake area designated on a subdivision plat, because the lot owners had acquired an irrevocable easement in that area. As the Court stated:

> It is well-established that where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use. An easement acquired in this manner is considered an express grant, and is an irrevocable property right. The rationale is that the grantees of the property have given consideration for its enhanced value in the increased price of their lots.[3]

In *Higgins v. Odom*,[4] a case similar to the instant case, several buyers bought lots in a subdivision. The subdivision plat of the land showed various lots to be sold, the subdivision's streets, and a lake. The owner of the lake eventually sold the lake along with an adjoining lot, and the new buyer made plans to erect a fence to enjoin others from interfering with her use of the lake. The Supreme Court held that the adjoining property owners had acquired an irrevocable easement in the lake, and the lake's new owner could not interfere with that easement. As the Court pointed out, the availability of the lake constitutes a material part of the value of the adjoining property and is often the principal incentive for its purchase.[5] The lake is in the same category as a recreational area or park shown on a subdivision plat, and the sale of lots by reference to the plat should be regarded as a dedication of the lake as a recreation area for the benefit of all adjoining owners.[6]

In *Doughtie v. Dennisson*,[7] a developer sold lots in a subdivision according to a recorded plat and then attempted to build a structure on his lot which would interfere with the other homeowners' use of the lake. The Supreme Court held that a developer or his successor may not, in order to induce people to buy, set aside large areas of his property for recreational use and grant buyers access to his property and then later take that access away.[8] The Supreme Court expressly stated that it based its ruling on the irrevocable easement created by the subdivision plat, rather than on a restrictive covenant (which

---

[2] 236 Ga. 331, 332 (223 SE2d 675) (1976).

[3] (Citations omitted.) Id.; see *Smith v. Bruce*, 241 Ga. 133, 144 (2) (244 SE2d 559) (1978).

[4] 246 Ga. 309, 310 (271 SE2d 211) (1980).

[5] Id.

[6] Id.

[7] 240 Ga. 299 (240 SE2d 89) (1977).

[8] Id. at 300.

also purportedly granted the right of access to the lake).[9] In the instant case, too, it is the subdivision plat that creates the irrevocable easement.

Relying on the case of *Lanier v. Ocean Pond Fishing Club*,[10] the Pattersons argue that the owner of a bed of a nonnavigable lake has the exclusive right to use the waters thereon and may exclude others from the use of the surface waters. That case, though, does not require a ruling in the Pattersons' favor. Nothing in the *Lanier* opinion indicates that a developer recorded a subdivision plat showing the lake and sold lots pursuant to it.[11] In the instant case, the body of water is designated on the recorded subdivision plat as Lake Frank, and lots were sold according to the plat as a part of the "Lake Frank Estates."

As discussed above, the Powells' right to use the lake stems not from any covenant, but from an express and implied easement that runs with the land.[12] Although the covenant is not what establishes the Powells' right to use the lake, we note that the covenant makes clear the developer's intent to dedicate the lake's use to all adjoining landowners. He states in the covenant that he established in the subdivision a lake, "and has developed the land surface area into subdivided lots designed and dedicated to the purpose of providing scenic and pleasing living environment" for its purchasers. The developer adds that "[a]s an appurtenant running with the title to the land area, each owner is granted the privilege of using Lake Frank for lawful, recreational, and pleasurable activities. . . ."

It is undisputed that the subdivision was created around the lake, that Lake Frank was designated on the subdivision plat, and that the landowners in the subdivision were expressly granted rights of access to and use of the lake. Members of the subdivision acquired both express and implied easements in the lake.[13] The easement was not created by the covenant, so it could not be nullified by the expiration of the covenant.

The Pattersons argue that Lake Frank was never designated a "common area." However, that fact is not determinative, since owners of subdivision lots can acquire easements in areas not necessarily designated as "common areas."[14] The lake in the instant case was

---

[9] Id.

[10] 253 Ga. 549 (322 SE2d 494) (1984).

[11] See *Smith v. Clay*, 239 Ga. 220, 221 (236 SE2d 346) (1977) (developer, as a matter of law, created easements for owners to use a road where he recorded a subdivision plat showing such road and sold lots pursuant to the plat).

[12] See generally *Walker*, supra.

[13] See *Stanfield v. Brewton*, 228 Ga. 92, 94-95 (1) (a) (184 SE2d 352) (1971).

[14] See, e.g., *Higgins*, supra; *Smith v. Clay*, supra.

designated on a subdivision plat and the lots were sold according to that plat; that is sufficient.[15]

Finally, the case of *Sawyer v. Bush*[16] does not require a contrary result. In *Sawyer*, the homeowners in a subdivision sued the lake's owner for damages and injunctive relief, alleging that the lake had not been properly maintained and that it was filled with noxious material and was a breeding ground for pests. Relying on *Walker*,[17] the Supreme Court noted that the subdivision property owners were expressly granted rights of access to and use of the lake. The Court stated that the landowners acquired both express and implied easements in the lake.

Despite these holdings which support the Powells' arguments, the Pattersons contend this case supports *their* position. They point to the Supreme Court's statement that under the terms of the subdivision's restrictions and covenants, certain restrictions are renewed automatically unless owners agree in writing that they will not be renewed, and that this extension applies to certain building requirements, but does not apply to covenants granting "recreational rights in the lake."

It is not clear from our reading of the opinion how this statement relates to the decision in *Sawyer*.[18] We do not know what is meant by "recreational rights in the lake" (for example, if the term includes an easement to access and use or something more specific). The Supreme Court appears to have affirmed the trial court's ruling on the issues set out in Division 1 of its opinion: that the lake was part of the development scheme of the subdivision, that the other owners have an implied easement in the lake, and that the lake's owner had a duty to maintain the lake.[19] The Court does not hold that the trial court erred in finding that the property owners had an easement in the lake. In fact, the Court expressly reverses the judgment of the trial court as it concerns issues of fact regarding lake conditions. In light of the overwhelming authority to the contrary, we are not convinced that *Sawyer* requires a result other than the one we reach here.

The trial court did not err in granting judgment in favor of the Powells.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[15] See *Doughtie*, supra.
[16] 244 Ga. 785 (262 SE2d 102) (1979).
[17] Supra.
[18] Supra.
[19] Id.

340

*Deming, Parker, Hoffman, Green & Campbell, William R. Pike, Gary C. Harris*, for appellants.
*Wiggins & Camp, William J. Wiggins*, for appellees.