## A11A0857. DAVIS v. FOREMAN et al.
(717 SE2d 295)

MIKELL, Judge.

Marion Davis appeals[1] the trial court's order granting summary judgment to Robert Foreman and other homeowners in the Dogwood Forest subdivision (collectively, "the plaintiffs") in this suit concerning an easement.[2] We affirm.

To prevail on a motion for summary judgment, the moving party

---

[16] Id.

[1] To the extent that the appellant's brief is supported by attachments that are not part of the certified record, those attachments are not considered by this Court. Court of Appeals Rule 24 (g).

[2] This Court, rather than the Supreme Court, has jurisdiction of this appeal because it concerns issues involving use of and access to land rather than title to land. Ga. Const. of 1983,

must demonstrate that there is no genuine issue of material fact, and that the undisputed facts warrant judgment as a matter of law.[3] The grant of a motion for summary judgment is reviewed de novo, and the evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmovant.[4]

So viewed, the record demonstrates the following relevant facts. Tibsen & Fair, Inc. ("Tibsen"), developed the Dogwood Forest subdivision in Charlton County and recorded a plat referencing a 0.394-acre common area adjoining the St. Marys River for use by residents of the subdivision (the "first plat"). This common area was deeded to the Dogwood Forest Homeowners' Association, Inc. ("HOA"), and Tibsen sold several lots with deeds that referenced the first plat. About ten months later, Tibsen recorded a new plat (the "second plat") in the same subdivision that omitted the common area described in the first plat and created a different 0.310-acre common area, and incorporated the original common area into a new lot. This new lot was then conveyed to Marion Davis.

The plaintiffs then filed an action for declaratory judgment and injunctive relief against both the developers and Davis, arguing that they had an easement in the original common area by virtue of their property deeds referencing the first recorded plat. They sought a declaration that they had a continued easement in that area and an injunction, preventing Davis from interfering with their use and enjoyment of such easement. The plaintiffs moved for summary judgment, but the trial court denied the motion. The trial court recognized the "[w]ell-established law . . . that the sale of a single lot which references a plat containing such a common area for the use of purchasers of lots completes the granting of [an] easement."[5] The trial court nonetheless found that an issue of fact remained as to whether the plaintiffs abandoned their easement interest by virtue of an agreement made by the HOA to trade the 0.394-acre common area for the 0.310-acre common area. Plaintiffs appealed to this Court for interlocutory review of that decision. This Court denied the Application for Interlocutory Appeal.[6]

The plaintiffs then filed a renewed motion for summary judgment in light of additional evidence. In support of this motion, the plaintiffs submitted the affidavit of Robert Foreman, current president of Dogwood Forest Homeowners' Association, which addressed

---

Art. VI, Sec. VI, Par. III (1); see *Henderson v. Easters*, 178 Ga. App. 867, 869 (1) (345 SE2d 42) (1986).

[3] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] *Wynns v. White*, 273 Ga. App. 209, 210 (614 SE2d 830) (2005).

[5] See *Smith v. Bruce*, 241 Ga. 133, 140 (1) (244 SE2d 559) (1978).

[6] *Foreman v. Davis*, Case No. A10I0006 (Sept. 10, 2009).

the factual questions raised in the trial court's order. Foreman testified that there had never been a discussion or vote at any HOA meeting transferring, exchanging, or abandoning any common area belonging to the HOA and that no written documents concerning a transfer of common areas existed.

1. As a threshold matter, we note that Davis has failed to comply with Court of Appeals Rule 25 (c) (1), which requires that the sequence of arguments in a brief follow the order of the enumeration of errors and be numbered accordingly. Davis includes two enumerations of error, but only one argument section. As we have previously held, Rule 25 (c) (1)

> is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Davis has] hindered the Court's review of [his] assertions and [has] risked the possibility that certain enumerations will not be addressed.[7]

However, to the extent that we are able to discern which enumeration is supported in the brief by citation of authority or argument, we will address each enumeration.

2. Davis contends that the trial court erred in granting the plaintiffs' renewed motion for summary judgment after it denied an earlier motion for summary judgment. Finding no error, we affirm.

The trial court did not err in considering the plaintiffs' renewed motion for summary judgment after plaintiffs submitted the affidavit of Robert Foreman, the president of the HOA. Nothing in the summary judgment statute limits the number of times a party may make a motion for summary judgment.[8] The trial court may consider a renewed motion for summary judgment at its discretion, especially in the case of an expanded record.[9]

Further, the law of the case rule did not prohibit the trial judge from granting the plaintiffs' renewed motion for summary judgment in this case. OCGA § 9-11-60 (h) provides in pertinent part that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Although "the law of the case rule has formally been abolished . . . it [still] applies to rulings by one of the appellate

---

[7] (Citation omitted.) *Brown v. Cooper*, 237 Ga. App. 348 (514 SE2d 857) (1999).

[8] OCGA § 9-11-56. See *Gold Creek SL, LLC v. City of Dawsonville*, 290 Ga. App. 807, 813 (2), n. 4 (660 SE2d 858) (2008).

[9] *Fuller v. Greenville Banking Co.*, 230 Ga. App. 63, 65 (2) (495 SE2d 320) (1997).

courts; they are binding in all subsequent proceedings, including a second trial."[10] The denial of an application for discretionary appeal invokes the doctrine of res judicata where the judgment appealed from was final and on the merits.[11] However, "when the judgment being appealed was interlocutory in nature, the denial of an application for discretionary appeal does not operate as res judicata."[12] This is because "the denial could have been based on the appellate court's desire to wait until a final judgment was entered before exercising appellate review, rather than a determination on the merits."[13] An order denying a motion for summary judgment is nonfinal and hence interlocutory in nature.[14]

On their first appearance before this Court, the plaintiffs sought review of the trial court's order denying their original motion for summary judgment. Because the trial court's order was nonfinal, this Court's denial of Davis's Application for Interlocutory Review does not operate as res judicata.

3. Davis next argues that the trial court erred in granting the plaintiffs' motion for summary judgment because an issue of material fact existed as to whether the plaintiffs, as members of the HOA, entered into an express agreement to abandon the original common area. We disagree.

Georgia law is clear that "where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use."[15] An easement "acquired in this manner is considered an express grant, and is an irrevocable property right. The rationale is that the grantees of the property have given consideration for its enhanced value in the increased price of their lots."[16] The "sale of a single lot with reference to the plat would complete the granting of an easement or an offer of dedication of the area to the public."[17] In the present case, it is undisputed that the plaintiffs acquired an easement in the original 0.394-acre common area because they purchased lots with deeds referencing the first plat.

---

[10] (Citation and punctuation omitted.) *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 793 (1) (366 SE2d 160) (1988).

[11] *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

[12] (Citation omitted.) *Henderson v. Justice*, 237 Ga. App. 284, 287 (1) (514 SE2d 713) (1999).

[13] (Citation omitted.) Id.

[14] See OCGA § 9-11-56 (h).

[15] (Citation omitted.) *Walker v. Duncan*, 236 Ga. 331, 332 (223 SE2d 675) (1976). Accord *Higgins v. Odom*, 246 Ga. 309 (271 SE2d 211) (1980); *Patterson v. Powell*, 257 Ga. App. 336, 337 (571 SE2d 400) (2002)

[16] (Footnote omitted.) *Patterson*, supra.

[17] (Citation omitted.) *Smith*, supra at 141 (1).

Davis argues that the plaintiffs, as members of the HOA, agreed to exchange their easement in the original 0.394-acre common area for an easement in a different common area, as indicated in the second plat. The plaintiffs' easement in the original common area cannot be lessened by the recording of the second plat that did not include the original common area, but instead substituted a different common area.[18] Rather, the grantees of an easement "cannot be deprived of that right except by express abandonment, or by such conduct on their part as would be tantamount to express abandonment."[19] Thus, in order for the subdivider to properly exchange one common area for another "equal" common area, the grantees of the original easement must have expressly abandoned their original easement.

The Supreme Court of Georgia has held that such abandonment may be effectuated by an action of a homeowners' association.[20] In *Hampton Ridge*, this Court found that homeowners in a subdivision who purchased lots including easements set aside for an area dedicated to recreational use expressly abandoned that easement when, subsequent to the filing of the plat, they agreed to be bound by a Declaration of Covenants and Restrictions which stated that the developer would retain fee simple title and "all rights" to the recreational easement.[21] The Court reasoned that by signing over "all rights" to the easement to the homeowners' association, the lot owners had relinquished their easements in the recreational facility.[22]

In the present case, unlike in *Hampton Ridge*, Davis has not presented any evidence that either the plaintiffs or the HOA on their behalf abandoned their interest in the original easement. After reviewing the record, we conclude that Davis has failed to present evidence sufficient to create a triable issue of fact as to whether the HOA agreed to exchange the original common area easement for another.

When a motion for summary judgment is made and supported as provided in this Code section, an adverse party

---

[18] Id. at 144 (2) (While a subdivider "may resurvey and replat the unsold portions of property shown in the first subdivision" in order to enlarge the current lot-owners' easements in areas meant for common usage, he "cannot restrict, diminish, or take away property rights ... granted by the first plat where deeds have been made with reference thereto") (citation omitted).

[19] (Citation omitted.) *Hampton Ridge Homeowners Assn. v. Marett Properties*, 265 Ga. 655, 656 (1) (460 SE2d 790) (1995).

[20] Id.

[21] Id.

[22] Id.

may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.[23]

The plaintiff's renewed motion for summary judgment was supported by the affidavit of Robert Foreman, the first purchaser of a lot in the subdivision and president of the HOA. In his affidavit, Foreman testified that there had never been any discussion or vote at any HOA meeting regarding a transfer, trade, exchange or abandonment of any common area belonging to the HOA. Foreman also testified in his capacity as the president of the HOA that there is no document reflecting any agreement to transfer, trade, exchange or abandon the original common area easement. Davis did not provide any affidavits or other evidence creating an issue of fact on this issue, and the trial court did not err in granting summary judgment to the plaintiffs.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED SEPTEMBER 22, 2011.

*James E. Stein*, for appellant.
*Douglas L. Gibson, Kenneth A. Taft*, for appellees.