### 19306. BURGIN *et al. v.* MOYE.

Argued April 9, 1956—Decided May 15, 1956.

*Jesse G. Bowles,* for plaintiff in error.

*Carlton S. Brown, R. S. Wimberly,* contra.

Almand, Justice. L. M. Moye, Jr., brought an action in eject-ment in the statutory form in the Superior Court of Stewart County against R. F. Burgin and Burgin Lumber Company of Randolph County.

The petition in substance alleged the following: The defendants are in possession of a certain tract of land in Stewart County containing 37.07 acres. The abstract of title under which the plaintiff claimed is as follows: (1) a warranty deed from D. T. Pinkston to A. J. Moye, dated April 9, 1878, recorded on May 22, 1878, conveying "all that tract or parcel of land in the 20th District of Stewart County, Georgia, containing 126¼ acres, more or less, and more particularly described as one-half of lot 76, and 25 acres off the northern part of lots 75 and 76, the 25 acres last mentioned being made up of part of lot 76 nor [not] other-wise herein conveyed, and part of lot 75"; (2) deed from the executors of the estate of A. J. Moye, conveying to L. Mickle Moye the property last described, said deed being dated May 17, 1934; (3) deed from L. Mickle Moye to L. Mickle Moye, Jr., (the plaintiff in this case), dated July 14, 1948, conveying the prop-erty above described together with other property. A. J. Moye took possession of the east half of lot 76, and he and his suc-cessors in title remained in possession of the same until the year 1950, at which time the defendants unlawfully dispossessed the plaintiff of the 37.07 acre tract described in the petition. The defendants have no right or title to any of the land in lot 76 except squatters' rights, and their possession was not in good faith, and they have no lawful claim to any land in the east half of lot 76.

The petition further alleged that the defendants claim the

property sought to be recovered from the same source of title under which the plaintiff claims, to wit, said D. T. Pinkston, claiming under a deed made by the heirs at law of D. T. Pinkston, conveying to Aurelia Crumbley "all of the land in Stewart County, Georgia, known as the estate of D. T. Pinkston, and consisting of all of lots 76 and 53 and part of lot 75, in the 20th district (except that portion of 76 and 75 deeded to A. J. Moye, said to be 125 acres, more or less)", and subsequent conveyances of said tract to the defendants.

It was alleged that Mrs. Crumbley, the predecessor in title of the defendants, took possession of the west half of lot 76, except a small part of the northern part of said half, which was included and described in the deed from Pinkston to A. J. Moye, and that Mrs. Crumbley and her successors in title remained in possession of the west half of said lot, less said small northern part of said half, and for more than 20 years each of the adjoining landowners recognized the title in said Moye and his successors in title to the east half of said lot, and that of Mrs. Crumbley and her successors in title to the west half of said lot less said northern part.

The general and special demurrers of the defendants to the amended petition being overruled, the defendants by bill of exceptions assign error on this ruling.

■ It is first contended that the petition should have been dismissed on demurrer because it did not show affirmatively that the land sought to be recovered was located in Stewart County. The petition is captioned, "Georgia, Stewart County." The first paragraph alleges that the named defendants "are of Randolph County," and "are in possession of a certain tract of land in said county described as follows," and the description of the tract in this paragraph does not name any county in which the land lies. Standing alone, the allegation as to the residence and possession of the defendants does appear to be ambiguous, but this ambiguity was removed by the filing of the amendment, which described the "east half of lot 76 and other land" as being in Stewart County, Georgia. As thus amended, the petition sufficiently describes the land sought to be recovered as being in Stewart County, Georgia.

■ The defendants contend that the general demurrers should

have been sustained because the description of the property in the deed relied on by the plaintiff does not sufficiently identify the property sought to be conveyed, and such deed is invalid as a conveyance of title. The plaintiff contends that the description contained in the deed from Pinkston to A. J. Moye contains a key whereby the portion of lot 76 conveyed can only be the eastern half of said lot, his contention being that this deed also conveys 25 acres of the northern part of lots 75 and 76; and since the 25 acres are part of the whole tract, it can only be identified by marking off 25 acres from the northern parts of lots 75 and 76 to form a parallelogram, and this could only be done by placing the remainder of the tract in the east half of lot 76.

We judicially know from the records of the Secretary of State that lot 76 in the 20th district of Stewart County is in the form of a square, and that lot 75 adjoins and is to the west of lot 76. The one-half of lot 76 intended to be conveyed could be located in more than one way. It could have covered the west half of lot 76, 12½ acres in the northwest corner of the east half of lot 76, and 12½ acres in the northeast corner of lot 75, and these two 12½ acre tracts would be a part of the whole tract of 126¼ acres. Another way would be to draw a line beginning on the north line of lot 76, 100 feet east of the northwest corner of that lot and running diagonally to a point on the south line of said lot 100 feet west of the southeast corner thereof, and place the 25 acres in the northwest corner of lot 76 and the northeast corner of lot 75, and the 25 acres would be a part of the whole tract.

In our opinion, the description in the deed is too indefinite and uncertain as to what half of lot 76 the grantor intended to convey, and therefore was insufficient as a basis on which to assert title under this deed. *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819).

■ "Conjunctive allegations of both paper and prescriptive title to land in the plaintiff will not render the whole petition subject to general demurrer, even though the allegations as to paper title in the plaintiff are insufficient to show such title, where the allegations are sufficient to show good prescriptive title in the plaintiff to the land in controversy, and there is no

special demurrer upon the ground of multifariousness." *Bridges* v. *Brackett,* 205 *Ga.* 637 (2) (54 S. E. 2d 642). Where, in a statutory action for land, the plaintiff in his petition unqualifiedly alleges that he is the owner of the land, and also alleges that he and his predecessors in title have been in peaceable possession for more than 30 years, and avers that about 2 years and 3 months prior to the filing of the petition the defendant took possession of the land, although the plaintiff alleges that his title is derived through certain persons and his petition as amended does not show such reliance on and limit of his claim of title by the abstract, such amended petition is not subject to the grounds of demurrer. *Foster* v. *Rowland,* 194 *Ga.* 845 (5) (22 S. E. 2d 777).

The petition as amended alleges that in 1878 D. T. Pinkston owned lot 76, and in April of that year he purported to convey by deed one-half of lot 76 and 25 acres in lots 76 and 75, and in December, 1896, the heirs of Pinkston conveyed by deed to Aurelia Crumbley, predecessor in title of the defendants, all of lot 76 and part of lot 75 except that portion of lots 75 and 76 deeded to A. J. Moye containing 125 acres more or less; that A. J. Moye took possession of the east half of lot 76, and such possession continued in Moye and his successors in title, including the plaintiff, until 1950, at which time the defendants unlawfully took possession of the 37.07 acres described in the petition; and that, while the respective owners were in possession of the two tracts, each for more than 20 years recognized the title in one another. The tract of 37.07 acres sought to be recovered is described by courses and distances, and from such description it can be located as being entirely in the eastern half of lot 76. The petition distinctly alleges that the plaintiff and his predecessors have been in possession for more than 20 years prior to the time the defendants took possession of said tract. The word "possession" "denotes the corporeal control of property, a state of actual occupancy, evidenced by things capable of being seen by the eye or of being ascertained by the use of the primary senses." Powell on Actions for Land, § 292. As against general demurrer, the amended petition contains sufficient allegations to show that the plaintiff has a prescriptive title to the described parcel of land. See Code

§ 85-401; *Key* v. *Stringer*, 204 *Ga.* 869 (2) (52 S. E. 2d 305).

■ We have examined the rulings on the special demurrers, and find that the court did not err in overruling all of them.

*Judgment affirmed. All the Justices concur.*