43692. CLARK et al. v. McBRIDE.
(348 SE2d 634)

GREGORY, Justice.
Ralph McBride filed suit against Harold Clark and his wife seek-

ing damages and injunctive relief concerning a 20-foot strip of land between their subdivision lots. The trial court granted summary judgment to McBride, and we affirm.

McBride and Clark own adjacent lots in a subdivision neighborhood. The original plat for the subdivision was recorded on November 2, 1951 by then owner L. M. Harris. The plat showed a 20-foot, L-shaped strip of land separating lots 32 and 33. The strip was set aside for drainage purposes. In an upper corner of the plat was a statement signed by Harris dedicating the streets on the plat to Cobb County.

On July 13, 1954, a revised plat showing J. R. Eubanks as subdivision owner was recorded. The 20-foot strip was still shown between lots 32 and 33.

Cobb County stopped sending out tax bills on the strip in 1951. Initially, the strip contained a drainage ditch, which was maintained by the county. Some years later, the county graded the strip and installed a storm sewer drain, which was covered with earth. The county continued to repair the drain for several years.

On October 13, 1954, Clark purchased lot 33 from Eubanks. McBride bought lot 32 in April 1979. A dispute broke out between Clark and McBride over ownership of the strip.

On March 15, 1984, Cobb County conveyed the strip by quitclaim deed to McBride, who in turn conveyed an easement on the property back to the county for sewer and drainage purposes. On August 31, 1984, J. E. Eubanks gave Clark a quitclaim deed to the same strip of property.

On September 20, 1984, McBride filed suit seeking damages and an injunction to keep Clark and his wife off the land. Clark answered and counterclaimed, asserting ownership of the strip and seeking damages.

Both parties moved for summary judgment. The trial court granted McBride's motion, finding Eubanks had impliedly dedicated the 20-foot strip to Cobb County. The court then found the quitclaim deed from the county to McBride conveyed fee simple title. The court rejected the Clarks' claim that they held title through either the quitclaim deed from Eubanks or by adverse possession.

1. The Clarks concede that the county gained an interest in the 20-foot strip by an implied dedication. However, they contend the trial court erred in finding the dedication conveyed fee simple title, rather than just an easement.

The crucial test in determining whether a conveyance grants an easement in or conveys fee simple title to land is the intention of the parties. *Jackson v. Rogers*, 205 Ga. 581, 586 (54 SE2d 132) (1949). In granting summary judgment to McBride, the trial court found Eubanks and Cobb County's actions demonstrated an intention for the strip to be dedicated in fee simple to the county. The court pointed to

an affidavit by Eubanks, in which he stated he never claimed owner-ship in the 20-foot strip and that he signed a quitclaim deed rather than a warranty deed because "I knew I had already given the land to the county." The court found the county believed it had received fee simple title since it conveyed all its interest to McBride by quitclaim deed, but demanded an easement in return. The record discloses no evidence of an intention to dedicate only an easement. Summary judgment was proper. OCGA § 9-11-56.

2. The Clarks also claim ownership by virtue of adverse posses-sion. However, prescription does not run against a county in regard to land held for the benefit of the public. *Adams v. Richmond County*, 193 Ga. 42 (4) (17 SE2d 184) (1941).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1986.

*Maddox, Maddox & Maddox, Lynwood A. Maddox, Sr.*, for ap-pellants.

*Sams & Glover, Richard W. Calhoun, Carl P. Fredricks*, for ap-pellee.

Ralph C. McBride, *pro se.*