A97A0045. HANOVER CREDIT CORPORATION v. DATAMATX, INC.
(485 SE2d 571)

RUFFIN, Judge.

Datamatx, Inc. ("Datamatx") sued Hanover Credit Corporation ("Hanover") for breach of contract. Hanover answered and counterclaimed for misrepresentation, deceptive billing, deceptive collection, mail fraud, and damaging business relations with third parties. The trial court granted Datamatx's motions for a directed verdict on Hanover's counterclaims and on Hanover's liability under the contract, but denied Datamatx's motion for a directed verdict as to the amount owed. In its sole enumeration of error, Hanover asserts the trial

court erred in granting Datamatx's motion for a directed verdict as to Hanover's liability. For reasons which follow, we affirm.

A motion for directed verdict is proper where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict[.]" OCGA § 9-11-50 (a). "In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the 'any evidence' test." (Citations and punctuation omitted.) *Grubb v. Woodglenn Properties,* 220 Ga. App. 902, 903 (1) (470 SE2d 455) (1996).

Hanover contends the trial court erred in granting Datamatx's motion for a directed verdict as to liability under the contract because material issues of fact remained regarding whether Hanover was relieved from liability under the contract by Datamatx's failure to meet its contractual obligations. Hanover alleged it should not be held responsible under the contract because Datamatx failed to meet its contractual obligations in the following areas: (1) provide certain American Express software; (2) provide two free programming hours per month; and (3) remove informational comments from invoices as requested and discontinue billing after services were terminated. Datamatx alleged that Hanover was liable under the contract because it utilized Datamatx's services and that Hanover's claims of nonperformance merely entitled Hanover to a possible setoff in the amount owed.

The trial court granted Datamatx's motion for a directed verdict as to Hanover's liability, finding that the terms of the contract were not disputed and that services were rendered under the contract. However, the trial court denied Datamatx's motion for a directed verdict as to the amount owed, finding that this amount was in dispute.

While Hanover's sole enumeration on appeal relies on the contractual provisions, "the contract is not a part of the record before us on appeal, and there exists no evidence of record from which this court may determine the contents and nature of the contract. 'When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result.' [Cits.]" *Ga. Receivables v. Williams,* 218 Ga. App. 313, 314 (2) (461 SE2d 280) (1995). Accordingly, we affirm the trial court's decision granting Datamatx's motion for a directed verdict as to Hanover's liability.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 3, 1997.
Before Judge Bonner.
*Wallace, Shannon & Francis, Vernitia A. Shannon*, for appellant.
*Michael J. Davis, Jr.*, for appellee.