## A99A0403. GUAGLIARDO et al. v. JONES.
(518 SE2d 925)

McMurray, Presiding Judge.

Richard Guagliardo and his wife, Connie Guagliardo, filed a complaint for ejectment, trespass, and establishment of a boundary line against their neighbor, landowner G. W. Jones. Although the parties agree that the Guagliardos own an entire land lot in Stewart County, Georgia and that Jones owns an adjoining land lot, the dispute concerns the actual position of the properties' common boundary. The Guagliardos allege that this boundary is marked by a more than 40-year-old fence that was put into place by Jones' predecessor in title; that Jones erected another fence some 414.70 feet onto their property which runs parallel to the old boundary fence, and that this encroachment unlawfully usurps 28.88 acres of their property. Defendant denied fencing any part of the plaintiffs' land and claimed adverse possession of the disputed property, alleging that his newer fence has been in place for more than 20 years. See OCGA § 44-5-163.

Although the parties proffered opposing expert testimony at a jury trial concerning the disputed boundary line, the trial court directed the jury to return a verdict designating Jones' fence as the boundary between the adjacent properties. The trial court concluded, "I'm going to direct the verdict based on adverse possession for 20 years, and the fence[, Jones' newer fence], hog fence, hog wire fence. I don't know what more notorious possession would need than a hog wire fence." This appeal followed entry of a judgment on this verdict. The Guagliardos contend the trial court erred in granting Jones' motion for directed verdict. *Held*:

While courts delineate what facts are sufficient to constitute adverse possession, whether such facts exist is generally a jury question. 3AmJur2d, Adverse Possession, § 321. See *KDS Properties v. Sims*, 234 Ga. App. 395, 397 (2) (506 SE2d 903). A trial court is not justified in directing a verdict as to an adverse possession defense when there is some evidence or fact which could possibly support a jury's findings as to the elements of prescription under OCGA § 44-5-161. See *Ga. Power Co. v. Irvin*, 267 Ga. 760, 761-762 (1) (482 SE2d 362). Compare *Hearn v. Leverette*, 213 Ga. 286 (99 SE2d 147). OCGA § 44-5-161 provides,

> (a) In order for possession to be the foundation of prescriptive title, it: (1) Must be in the right of the possessor and not of another; (2) Must not have originated in fraud except as provided in Code Section 44-5-162; (3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and (4) Must be accompanied by a claim of right.

> (b) Permissive possession cannot be the foundation of a pre-

scription until an adverse claim and actual notice to the other party.

Jones' motion for directed verdict was granted in the case sub judice because the trial court concluded, as a matter of law, that Jones' "hog wire fence" satisfied this Code section's notoriety and exclusivity requirements. This judgment was in error.

While OCGA § 44-5-165 provides that possession may be evidenced by structures such as Jones' "hog wire fence," this Code section does not diminish the rule that juries generally determine whether facts exist which constitute adverse possession — including issues concerning uninterrupted, exclusive and notorious possession. See *Ga. Power Co. v. Irvin*, 267 Ga. 760, 766 (2), supra; see also *McCrea v. Ga. Power Co.*, 179 Ga. 1, 14 (5) (174 SE 798); compare *Friendship Baptist Church v. West*, 265 Ga. 745 (462 SE2d 618). In the case sub judice, Jones alleged in his counterclaim that he erected a fence across the disputed property prior to 1964, but he testified at trial that he constructed the fence sometime during 1966. Jones also admitted at trial that the fence was in pretty bad shape; that there was at least one break in the fence, and that the Guagliardos' predecessor in title did not know about (he did not tell them) or agree to his construction of the fence. The Guagliardos, on the other hand, proffered testimony indicating that Jones' fence cut through a rarely traversed swamp, and they tendered into evidence an aerial photograph of the disputed area, taken in 1966, indicating that Jones' "hog wire" fence did not then exist. This evidence and proof that the federal government acquired a deed to the disputed property via foreclosure in 1984, thereby interrupting Jones' allegedly continuous 20-year possession of the land from 1966 (see *Clark v. McBride*, 256 Ga. 308, 310 (2) (348 SE2d 634); *Redfield v. Parks*, 132 U. S. 239 (10 SC 83, 33 LE 327)), would have authorized a jury's finding that Jones did not have uninterrupted, exclusive and notorious possession of the disputed property for 20 years as required by OCGA §§ 44-5-161 and 44-5-163. The trial court therefore erred in granting Jones' motion for directed verdict as to these issues. A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). See *Hanover Credit Corp. v. Datamatx*, 226 Ga. App. 12, 13 (485 SE2d 571).

Jones' motion for imposition of frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b) is denied.

*Judgment reversed. Andrews and Ruffin, JJ., concur.*

DECIDED JUNE 4, 1999 —
RECONSIDERATION DENIED JUNE 25, 1999 — CERT. APPLIED FOR.

*Bowles & Bowles, Jesse G. Bowles III*, for appellants.
*Worthington & Flournoy, Samuel W. Worthington III*, for appellee.