A05A1858. MAGILL et al. v. EDD KIRBY CHEVROLET, INC.
(627 SE2d 207)

BARNES, Judge.

Charles Magill sued Edd Kirby Chevrolet, Inc. (Kirby) for injuries he sustained when he slipped and fell in the business's parking lot. His wife, Allene Magill, sued for loss of consortium. The case was tried before a jury, which found that each party was equally at fault and therefore awarded no compensation to the Magills. They appeal, contending that the trial court erred in allowing Kirby to call a witness who had not been identified before trial as an expert, and erred in two evidentiary rulings. For the reasons that follow, we affirm.

1. The Magills argue that the trial court erred in allowing Kirby's expert witness, a meteorologist, to testify about the amount of daylight left at 5:00 p.m. on January 13, 2003, the day Magill fell. Magill objected during Kirby's opening statement when it said it would bring in a meteorologist. Counsel approached the bench and Magill stated that he was never notified in discovery that this meteorologist was going to be an expert for the defense, and that Kirby had a duty to supplement its interrogatory answers. Kirby responded that it had discussed this matter with Magill "not a week ago" because it found out that National Weather Service employees would not respond to its subpoena, so it had to supplement its pretrial order, which appears in the record. Kirby said, "I faxed to his

office what this gentleman is going to say and all he's going to say is on January 13th, whatever the time is on the report and sunset and also faxed to [opposing counsel] a copy of this gentleman's [curriculum vitae]." Magill replied, "He sure did. I got this just before the trial. They had an obligation in discovery —." The court interrupted, asking Magill, "Did you make a motion for continuance?" When Magill replied, "I'm objecting to his testimony," the court overruled the objection, and Kirby continued with its opening statement.

When Kirby called the meteorologist to testify, Magill made no objection. After asking him about his education and experience, Kirby tendered the witness as an expert witness in the area of meteorology. Magill again made no objection, and the witness proceeded to discuss the amount of light at the time and date of Magill's fall. When Kirby asked if the witness could be excused after Magill's cross-examination ended, Magill stated that he had no objection.

The admission of evidence lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *American Petroleum Products v. Mom and Pop Stores*, 231 Ga. App. 1, 7 (3) (497 SE2d 616) (1998). At any rate, the proper remedy for a discovery violation is not to exclude the evidence but to request a continuance or a mistrial, neither of which Magill did. *McEntyre v. McRae*, 240 Ga. App. 148, 149 (1) (522 SE2d 731) (1999). Further, Magill did not dispute Kirby's assertion that it had faxed to him before trial the substance of the witness's expected testimony, along with his curriculum vitae, but only argued that Kirby had failed to amend its interrogatory answers. Finally, Magill failed to object either when Kirby called the witness to testify or when Kirby tendered him as an expert. "A party cannot abandon an issue in the trial court and on appeal raise issues neither raised nor ruled upon by the trial court." (Citation omitted.) *Hadlock v. Anderson*, 246 Ga. App. 291, 295 (2) (540 SE2d 282) (2000). This enumeration presents no grounds for reversal.

2. Magill contends that the trial court erred in two evidentiary rulings. In the first, he asserts that the trial court erred in sustaining Kirby's objection to his statement during opening that the Magills did not want to have to try this case, but the "problem was the defendant wouldn't take responsibility for" Magill's injuries. Kirby objected and when the parties approached the bench Kirby said that settlement offers were not admissible at trial, that it had tried to settle the case, and that Magill should not be able to say he had to sue because Kirby turned its back on him. The court agreed that Magill was inferring that Kirby refused to settle the case, and sustained the objection.

Magill argues on appeal that Kirby failed to state the basis for its objection and denied that he implied that settlement offers had occurred, but cites no authority for his argument that the trial court

erred. "The discretion of the trial judge in the conduct of the trial and matters of practice as to the disposition of causes will not be interfered with unless manifestly abused. [Cits.]" *Davis v. Stewart,* 169 Ga. App. 733, 735 (4) (315 SE2d 6) (1984).

Magill also contends that the trial court erred in limiting his direct examination of Allene Magill. Mrs. Magill testified that, because of Mr. Magill's injuries, she had to change jobs. At a bench conference, counsel stated he wanted to ask her whether her new job paid less, without going into specifics, and Kirby objected because money damages are not a measure of damages in a loss of consortium claim. Magill responded that he wanted "to show the effect it had on both of them, that's all, the effect it had on her." The court responded that the question was not relevant to the issue, and Magill subsequently did not ask the question.

On appeal, Magill contends that the trial court erred because he was just trying to provide the jury with background information regarding the effects of his injuries on the parties, but cites no authorities to support this proposition. Lost wages are not an element of damages in a loss of consortium claim. *Branton v. Draper Corp.*, 185 Ga. App. 820, 821 (1) (366 SE2d 206) (1988). Further, witness after witness testified about the effects of Magill's injury on himself, his wife, and his family. Finally, the issue is moot because Mrs. Magill's loss of consortium claim was derivative of Mr. Magill's claim, *Miller v. Crumbley*, 249 Ga. App. 403, 404 (1) (548 SE2d 657) (2001), and the jury declined to award him any damages. We find no error.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 15, 2006.

*Adam S. Jaffe*, for appellants.
*McLain & Merritt, William S. Sutton*, for appellee.