A06A0792. BYRD v. SHELLEY.
(633 SE2d 56)

MILLER, Judge.

Bruce Byrd, Jr. filed a petition for declaratory judgment and complaint against Julia B. Shelley to determine the boundary line of

---

certain real estate in Peach County (the "Property"). At trial, the jury returned a verdict against Byrd, finding that Shelley was the sole and rightful owner of the Property by virtue of superior title and adverse possession. Byrd appeals, contending that the trial court erred in refusing to (1) allow him to assert his adverse possession claim, (2) admit evidence showing that he had paid taxes on the Property, and (3) allow his daughter to testify. Discerning no error, we affirm.

Byrd filed the instant action alleging that he had acquired title to the Property in 1980 by quitclaim deed and adverse possession. He also alleged that Shelley had for the first time claimed the Property, a 51.9 acre tract of land, by plat of survey filed in 1988. Byrd later demanded that Shelley provide him documentation showing ownership of the Property. Such documentation was not forthcoming, and this suit followed.

1. Byrd contends that he was denied an opportunity to assert his adverse possession claim as a result of the trial court's finding that Shelley was in actual possession of the Property, and the court's failure to recognize that he had pled adverse possession by amended complaint. These contentions, however, mischaracterize the rulings below. Instead, the superior court found that Byrd had not proffered evidence of "possession" sufficient to establish prescriptive title. See *Proctor v. Heirs of Susie Jernigan*, 273 Ga. 29 (1) (538 SE2d 36) (2000) ("OCGA § 44-5-161 (a) states the elements for adverse possession, whether for twenty years or seven years under color of title. Possession must be accompanied by a bona fide claim of right, must not have originated in fraud, and must be public, continuous, exclusive, uninterrupted, and peaceable.") (punctuation and footnote omitted). Consequently, the superior court excluded the evidence as probative of adverse possession but allowed it insofar as it showed that Byrd had not been dispossessed of the Property. This was not improper. "While courts delineate what facts are sufficient to constitute adverse possession, whether such facts exist is generally a jury question." *Guagliardo v. Jones*, 238 Ga. App. 668 (518 SE2d 925) (1999).

In addition, since Byrd raises this claim of error for the first time on appeal, he has waived any issue thereon. "Issues raised for the first time on appeal will not be considered by this court. Not only must the objection be timely raised in the trial court, but the trial judge must rule upon the same issue as raised upon appeal to preserve the issue for our consideration." (Citations and punctuation omitted.) *Rental Equip. Group v. MACI*, 263 Ga. App. 155, 160 (587 SE2d 364) (2003).

2. Byrd's contention that the trial court erred in excluding evidence of his payment of taxes on the Property as irrelevant to his adverse possession claim is also without merit. "Payment of taxes is not, as contended, evidence of title and ownership." (Punctuation omitted.) *Brown v. Williams*, 259 Ga. 6 (2) (375 SE2d 835) (1989); see

also Daniel Hinkel, Pindar's Georgia Real Estate Law and Procedure § 12-36 (6th ed. 2004) ("[Payments of taxes] are insufficient to establish prescriptive title, however long continued, even though accompanied by constant assertions of title.") (footnote omitted). This is because "[t]he word 'possession' denotes the corporeal control of property, a state of actual occupancy, evidenced by things capable of being seen by the eye or of being ascertained by the use of the primary senses." (Citation and punctuation omitted.) *Burgin v. Moye*, 212 Ga. 370, 374 (3) (93 SE2d 9) (1956). The authority upon which Byrd relies to the contrary is inapposite, as in each case there was some evidence of possession sufficient to sustain a finding of actual possession. *Davis v. Newton*, 217 Ga. 75, 76-77 (121 SE2d 153) (1961); *Chamblee v. Johnson*, 200 Ga. 838 (38 SE2d 721) (1946) (using property for camping and a summer home and building rock wall and cabin); *Mitchell v. Gunter*, 170 Ga. 135, 142 (152 SE 466) (1930) (occupation of a home and acknowledging that payment of taxes alone insufficient to establish title by prescription).

"The admission of evidence lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *American Petroleum Products v. Mom and Pop Stores*, 231 Ga. App. 1, 7 (3) (497 SE2d 616) (1998)." *Magill v. Edd Kirby Chevrolet*, 277 Ga. App. 619, 620 (1) (627 SE2d 207) (2006). Since the trial court did not abuse its discretion under these circumstances, the exclusion of Byrd's evidence of taxes paid on the Property was proper.

3. Finally, Byrd complains that the superior court erred in prohibiting his daughter from testifying as an expert that the legal descriptions in two deeds in his chain of title represented a land swap.

> An expert witness is anyone who, through training, education, skill, or experience, has peculiar knowledge that the average juror would not possess as to any question of science, skill, trade, or like questions[.] [T]he expert witness may render an expert opinion within the witness' area of expertise after the qualifications have been proven to the trial court. It is for the trial court to determine, as a matter of law after hearing evidence, whether a witness is competent by way of qualifications to render an opinion within [his or her] area of expertise. . . . [Further, t]he possession of a license in Georgia does not go to qualification as an expert witness but may go to the weight and credibility that a jury gives to such expert's opinion.

(Citations and punctuation omitted.) *In the Interest of C. W. D.*, 232 Ga. App. 200, 206-207 (3) (a) (501 SE2d 232) (1998). Moreover, a trial court's determination as to whether a witness is qualified to testify as

an expert will not be disturbed on appeal absent a manifest abuse of discretion. *Yeomans & Assoc. Agency v. Bowen Tree Surgeons*, 274 Ga. App. 738, 749 (5) (618 SE2d 673) (2005).

The record reveals that Byrd objected to the superior court's ruling foreclosing his daughter's opinion testimony as an expert, arguing that she was qualified to read a deed, was licensed to sell real estate in Florida, and had experience as a real estate broker. Counsel for Byrd, however, admitted that Byrd was similarly qualified and offered him as a lay witness to explain the ambiguities of the deeds in his chain of title. The extent to which the deeds were comparable was readily susceptible to the argument of counsel. Under these circumstances, the trial court did not err in refusing to allow the testimony. *Yeomans & Assoc. Agency*, 274 Ga. App. at 749 (5).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 16, 2006.

*George L. Williams, Jr.*, for appellant.
*Gambrell & Stolz, Carl R. Varnedoe, Charles L. Ruffin, Charles M. Cork III*, for appellee.