22695. SOUTHERN RAILWAY COMPANY *et al. v.* TOCCOA ROCK CRUSHING COMPANY.

STEPHENS, J. 1. In the absence of a statute or a contract obligating a railroad company to the continued maintenance by it of a spur-track from its main line to a business plant near the railroad, there is no right in the person owning or operating the plant, to the railroad's continued maintenance of the track. 51 C. J. 485; People *v.* Chicago &c. R. Co., 57 Ill. 436; Heyl *v.* Philadelphia &c. R. Co., 51 Pa. 469; Coe *v.* New Jersey Midland R. Co., 28 N. J. Eq. 100 (affirmed, 28 N. J. Eq. 593).

2. Where a railroad company agreed with another that if the latter would buy a rock quarry situated near the main line of the railroad and would furnish the necessary money for the equipment of the quarry, the railroad company would construct a spur-track from its main line to the quarry, and would, during the operation of the quarry, use the track for the purpose of transporting the products of the quarry, and where the other person bought the quarry and equipped it, and the railroad company, pursuant to the agreement, constructed the track and used it for the purpose of transporting the products of the quarry as agreed, but where there was no promise by the party who had bought the quarry to operate it or to make any shipments of the products of the quarry, or any other fact showing a consideration, the railroad company was under no contractual obligation to continue the maintenance of the spur-track. *Lucas* v. *Southern Railway Co.*, 130 *Ga.* 606 (61 S. E. 404.)

3. Where a person for whose benefit a spur-track has been constructed by a railroad company has no right to its continued maintenance, any depreciation in the value of the business or plant for the benefit of which the track has been constructed and maintained, which he sustains solely as a result of the abandoning and taking up the track by the railroad company, is *damnum absque injuria.*

4. Damages resulting from a mere trespass by the railroad company in going, through its servants or agents, upon the land of the other party and removing the tracks, or in removing the material out of which the tracks are constructed where the material belongs to him, is not in the depreciation in the value of the property, including the business or plant, resulting from the railroad company's abandonment and removal of the track.

5. Where a suit ex delicto was brought by the owner of the quarry, against the railroad company and its servants or agents who took up the tracks, to recover damages because of the trespass committed by the defendants in taking up the tracks, and there was no claim for damages for the removal and abandonment of the track without notice to the plaintiff, but where in the petition as amended the only damage alleged and sued for was in the depreciation in the value of the plaintiff's quarry as a result of the abandonment of the track and its removal by the defendants, the petition as amended failed to set out a cause of action for the recovery of the special damages sued for, and the court erred in not sustaining the demurrer of all the defendants thereto. *Truitt* v. *Rust & Shelburne Sales Co.*, 25 *Ga. App.* 62 (102 S. E. 645).

6. Since the petition seeks to recover against the railroad company and the

other defendants who it is alleged acted as the servants and agents of the railroad company in taking up the track, solely for an alleged trespass in the acts of the defendants, no separable controversy is alleged against the railroad company, and the court did not err in overruling the company's motion to remove the case to the Federal courts upon the ground of the diverse citizenship of the company, which is a foreign corporation, and the plaintiff. *Southern Railway Co. v. Grizzle*, 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191).

*Judgment reversed. Sutton and Guerry, JJ., concur. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 28, 1933.

C. M. *McClure, Wheeler & Kenyon,* for plaintiff in error.
J. H. & *Emmett Skelton, J. B. Jones,* contra.