## LEWIS et al. v. BOWEN.

CANDLER, Justice. The plaintiffs in this litigation, as upper riparian owners, prayed for damages and for injunctive relief. Their petition, which was filed in the Superior Court of Bulloch County, alleged that the defendant had in specified particulars damaged their lands by the maintenance of a mill-dam which caused the waters of Scott's Creek to back up and overflow its channel, thus causing the creek to flood their separately owned lands. There was no demurrer to the petition. Answering the complaint, the defendant denied the substantial allegations of the petition, and alleged that W. S. Anderson, his grantor, on March 3, 1899, by deed from James and Kissiah Lewis, remote predecessors in title of the plaintiffs, acquired an easement to flood that part of their lands which would be flooded by a dam at his mill, raising the waters of Scott's Creek to a height of twelve·feet above its normal 'level. At the trial it was shown by competent evidence that the plaintiffs' separate lands had been flooded, and consequently damaged by the defendant's dam, but no witness, including the plaintiffs, testified that the waters of the stream had been raised by the defendant's dam to a height of more than twelve feet above normal level. The defendant testified positively that the normal level of the waters of the creek had not been raised to a height of twelve feet by his dam. Concerning the land in question, it was stipulated that the plaintiffs were successors in title to James and Kissiah Lewis, and that the defendant was a successor in title to W. S. Anderson. The case resulted in a verdict for the defendant, and the exception is to a judgment overruling the plaintiffs' amended motion for new trial. The validity of the deed upon which the defendant relied is the main question presented by the writ of error. The deed was admitted in evidence over objections, timely made by the plaintiffs, that it was void for want of necessary description, and that the grantors, by giving the grantee a right to raise the normal water level of the creek by his dam to twelve feet "if the said Anderson [the grantee] feels disposed to do so," thereby undertook to convey their "feeling" in the water, which is not a property right, salable or purchasable. The special grounds of the motion for new trial relate to and allege error respecting this and the charge as given upon the effect of the deed. *Held:*

1. "The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. *Andrews* v. *Murphy,* 12 *Ga.* 431." *Mull* v. *Allen,* 202 *Ga.* 176, 179 (42 S. E. 2d, 360). A deed is sufficient and will not be declared void for uncertainty of description, if the descriptive averments contained therein are certain, or if they furnish a key by which the land conveyed thereby can be definitely located by the aid of extrinsic evidence. *Deaton* v. *Swanson,* 196 *Ga.* 833 (28 S. E. 2d, 126). The same rule obtains as to contracts relating to realty. *Haygood* v. *Duncan,* 204 *Ga.* 540 (50 S. E. 2d, 214).

2. The deed upon which the defendant relied is signed James Lewis and

Kissiah Lewis. It is captioned "State of Georgia, Bulloch County," dated March 3, 1899, recorded November 12, 1901, and conveys to W. S. Anderson, his heirs and assigns, for a valuable consideration, water and flowage rights for the grantee's dam and millpond on Scott's Creek below the grantors' land, with the right to raise the normal level of the water twelve feet at the grantee's mill if he feels disposed to do so. It also recites that the land affected by the easement is located in the 44th District, G.M., of Bulloch County, and is bounded as follows: north by Scott's Creek, east by lands of the grantee, and south and west by lands of the grantor, James Lewis. So, when tested by the rules announced in the preceding note, there is manifestly no merit in the contention that the deed was inadmissible for want of necessary descriptive averments. It furnished a key whereby the land upon which the defendant claimed an easement could be identified with certainty by extrinsic evidence. The deed was, therefore, properly admitted in evidence, and the charge respecting its effect as a conveyance of water and flowage rights was not erroneous as the plaintiffs in error contend.

3. The plaintiffs' other ground of objection to the admission of the deed from James and Kissiah Lewis to W. S. Anderson—the deed upon which the defendant planted his defense—is wholly without merit. So much so, that any discussion of it is deemed entirely unnecessary.

4. The verdict is abundantly supported by evidence, and has the approval of the trial judge. Consequently, the general grounds of the motion, like the special grounds, are without merit. No sufficient reason, therefore, for a reversal of the judgment refusing a new trial is shown. For a former appearance of this litigation see *Lewis* v. *Bowen*, 208 *Ga.* 671 (68 S. E. 2d, 900).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*