466 S.E.2d 855 (1996)
266 Ga. 281
MACON-BIBB COUNTY INDUSTRIAL AUTHORITY et al.
v.
CENTRAL OF GEORGIA RAILROAD COMPANY et al.
No. S95A2003.
Supreme Court of Georgia.
February 19, 1996.
*856 Robert D. McCullers, John E. Payne, Sell & Melton, Macon, for Macon-Bibb County Indus. Authority et al.
Walter H. Bush, Jr., Arnall, Golden & Gregory, Macon, for Central of Georgia R. Co. et al.
BENHAM, Chief Justice.
This appeal has its roots in the creation of the Hillcrest Industrial Park in Macon, Georgia. Appellants Macon-Bibb County Industrial Authority ("Authority"), the creator of the industrial park, and Mr. and Mrs. Standard, owners of a lot in the industrial park, believe that they are entitled to rail service supplied by appellee Central of Georgia Railroad *857 ("Railroad"). After conducting a non-jury trial, the trial court concluded that neither the Standards nor the Authority had a contractual right to continued rail service or an express or implied easement for rail purposes. The Standards and the Authority appeal from the judgment entered by the trial court.
In 1979, appellee Southern Regional Industrial Realty executed a warranty deed and conveyed sixty acres of land to the Authority, and the Railroad executed a quitclaim deed in favor of the Authority. The plat recorded with the deed shows a railroad track twenty feet within the land bordering the Authority's property to the west. The Authority created the industrial park, subdivided the land, and sold lots to various entities. Mr. and Mrs. Standard purchased a lot on the western end of the property from the Authority in 1982, and leased the property to a business. In light of the proximity of their lot to the track, the Standards built a rail siding and a railroad turnout to serve a building on their lot. In 1986, the Railroad removed the track while engaged in an environmental cleanup and gave assurances to the Standards' tenant that the track would be replaced if it were needed. Three years later, the Railroad sought the approval of the Georgia Public Service Commission to abandon the track. Appellants filed this suit in 1991, seeking, among other things, a judicial declaration that they had a contractual right or an easement to continued rail service.
1. Findings of fact made by the trial court in a nonjury trial may not be set aside unless clearly erroneous. OCGA § 9-11-52(a); Bell v. Cronic, 248 Ga. 457(2), 283 S.E.2d 476 (1981). Since the factual findings made by the trial court were authorized by the evidence, they may not be set aside. Id. We turn our attention to the legal conclusions drawn by the trial court based on its factual findings.
2. "In the absence of a statute or a contract obligating a railroad company to the continued maintenance by it of a spur-track from its main line to a business plant near the railroad, there is no right in the person owning or operating the plant, to the railroad's continued maintenance of the track. [Cits.]" Southern Railway Co. v. Toccoa Rock Crushing Co., 47 Ga.App. 558, 171 S.E. 179 (1933). See also Tift v. Golden Hardware Co., 204 Ga. 654(1), 51 S.E.2d 435 (1949). Appellants contend that an express easement allegedly created with the 1979 conveyance established both a statutory and contractual duty of continued rail maintenance and, alternatively, that an easement by implication provided a statutory obligation on the railroad's part to continue to maintain the rail line.
3. An express easement is the express grant by means of a contract of a private way over another's land. OCGA § 44-9-1. "An express grant of an easement must contain language sufficient to designate with reasonable certainty the land over which it extends.... It is generally sufficient to identify the whole tract of land owned by the grantor over which the easement passes...." Pindar and Pindar, Georgia Real Estate Law and Procedure, § 8-18 (4th ed.). The wording of the documents by which the Authority obtained title to the industrial park land neither refers to the grant of an easement to the Authority (compare Champion v. Neason, 220 Ga. 15, 136 S.E.2d 718 (1964), where the grantor conveyed land and expressly reserved the right to use a private driveway over the land conveyed), nor designates the land over which the easement purportedly extends. Compare Lewis v. Bowen, 209 Ga. 717(2), 75 S.E.2d 422 (1953), where the deed conveying the easement furnished a key by which the land over which the easement lay could be identified. See also Glass v. Carnes, 260 Ga. 627(4), 398 S.E.2d 7 (1990).
Appellants suggest that an express grant of easement was created by the recordation of a plat showing the existence of the rail line on the adjacent property, coupled with the conveyance of the industrial park "with all ... appurtenances thereof." However, "`[t]he word "appurtenances" in a deed only carries easements already existing, and appurtenant to the estate granted....' [Cit]. [It] will not be construed to convey anything except what was legally appurtenant to the lands in the hands of the grantor." Olsen v. Noble, 209 Ga. 899, 906, 76 S.E.2d 775 (1953). Thus, the conveyance of an appurtenance *858 cannot create the very appurtenance it purportedly conveys. Furthermore, the depiction on a recorded plat of a rail line on property adjacent to that conveyed does not entitle the grantee to rail service when the rail line is owned by one other than the grantor and the service is provided by one other than the grantor. Compare Westbrook v. Comer, 197 Ga. 433(1), (2), 29 S.E.2d 574 (1944), where a grantee had an appurtenant private easement in an alleyway depicted on a subdivision plat recorded by the grantor/subdivider. See also Northpark Assoc. No. 2 v. Homart Dev. Co., 262 Ga. 138(1), 414 S.E.2d 214 (1992). The depiction on a recorded plat of a rail line on adjacent property can be likened to the depiction of a utility easement on a plat. Its mere presence on the plat does not give the grantee of adjacent property the right to use the depicted easement for his own purposes. Thus, the recordation of the plat showing the rail lines on the property adjacent to that purchased by the Authority did not give the Authority an express easement over the rail lines.
4. Appellants next contend they have an easement by implication. "The right of private way over another's land may arise... by implication of law when the right is necessary to the enjoyment of lands granted by the same owner." OCGA § 44-9-1. An easement by implication is not available in the case at bar because there is no evidence of the necessary unity of ownership between the dominant and servient estates. Southern Region Industrial Realty conveyed the dominant estate, while the Railroad owns the tracks over which appellants seek an easement by implication. In addition, there is no easement by implication in this case since evidence of the existence of public streets serving the industrial park negates the "necessity" requirement of an easement by implication. Tift v. Golden Hardware, supra, 204 Ga. 654(3), 51 S.E.2d 435.
Judgment affirmed.
All the Justices concur.