A07A1814. HERNANDEZ et al. v. WHITTEMORE.
(651 SE2d 180)

BLACKBURN, Presiding Judge.

Following a bench trial, Michael and Marsha Hernandez (collectively "Hernandez") appeal a judgment in favor of John Whittemore declaring that a 1.32 acre strip of Hernandez's land is subject to an

---

[14] *Inman v. State*, 281 Ga. 67, 69 (2) (635 SE2d 125) (2006).
[15] *Swanson v. State*, 282 Ga. 39, 43-44 (5) (644 SE2d 845) (2007).

easement for access to Whittemore's neighboring property. Hernandez contends that the trial court erred in finding that a plat recorded by his predecessor was sufficient, in the absence of a deed or other instrument, to create the easement. We disagree and affirm.

"The [trial] court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Punctuation omitted.) *Crowell v. Williams.*[1]

So viewed, the record shows that in 1991, Jesse Cosby (now deceased), a predecessor of Hernandez, recorded a plat showing Cosby's tract (now owned by Hernandez) and part of an adjacent tract (now owned by Whittemore). The plat divided Cosby's tract into two lots and stated that a 1.32 acre strip of land (lot 2) across Cosby's tract "is being created for the sole purpose of providing access to [the adjacent tract] and is not a building lot." Cosby then sold his entire tract to Hernandez's immediate predecessor, who, in 2000, sold the land to Hernandez. Hernandez's deed referred to and incorporated the Cosby plat and further explicitly stated that "[t]he aforesaid Subdivision map notes that [the 1.32 acre strip] is created for the sole purpose for providing access to [the adjacent tract] and is not a building lot." In 2002, Whittemore acquired the adjacent tract of land referenced in the Cosby plat and Hernandez's deed.

In 2004, after Hernandez refused to sell the 1.32 acres to Whittemore or otherwise grant Whittemore use of the 1.32 acres for access, Whittemore filed a declaratory judgment action seeking a ruling that the 1991 recording of the plat by Hernandez's predecessor (and Hernandez's own deed) created an easement over the 1.32 acres. Following a bench trial, the trial court ruled that the original recorded plat created an express easement that was duly recorded and referenced in Hernandez's deed, and that Whittemore was entitled to an easement for access over the 1.32 acres. Hernandez filed this appeal after his motion for new trial was denied.[2]

The crucial test in determining whether a conveyance grants an easement in, or conveys title to, land, is the intention of the parties, but in arriving at the intention

---

[1] *Crowell v. Williams*, 273 Ga. App. 676 (1) (615 SE2d 797) (2005).

[2] According to OCGA § 44-9-1, "[t]he right of private way over another's land may arise from an express grant, from prescription . . . , by implication of law . . . , or by compulsory purchase and sale through the superior court. . . ." At trial, Whittemore argued that he sought enforcement of a right of way from an express grant, and explicitly denied that he sought judicial creation of an easement by necessity or otherwise. The trial court ruled that Whittemore was entitled to an existing express easement; therefore, we focus only on whether Hernandez took title subject to an existing easement.

many elements enter into the question. The whole deed or instrument must be looked to, and not merely disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purposes, and nature of the restrictions or limitations, if any, or the absence of such, and the attendant facts and circumstances of the parties at the time of the making of the conveyance are all to be considered.

(Punctuation omitted.) *Safeco Title Ins. Co. v. C & S Nat. Bank.*[3]

Here, Whittemore's tract lacks legal access, and Jesse Cosby, who owned the subject property prior to conveying it to Hernandez's immediate predecessor, recorded the plat stating that the 1.32 acre strip of land "is being created for the sole purpose of providing access to that portion of [Whittemore's property], and is not a building lot." The present-tense phrase that the strip of land on the plat "is being created for the sole purpose of providing access" evinces an intent to create an easement at that time; the plat lacks any other language implying some contemplated future action intended to grant the easement for access. Accordingly, this language sufficiently evinces the grantor's intent to create an express grant of an easement by recording the plat.

Further, the plat, which was signed by the grantor (Cosby), shows the dominant and servient tenements and outlined the specific path of the easement. See *Lewis v. Bowen*[4] ("[t]he test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable"). The deed by which Hernandez took title from his immediate predecessor then incorporated this plat by reference, and further explicitly stated the same reservation in the description of Hernandez's property.

Under these circumstances, and based on the language in the plat, the plat created an easement allowing access by the owner of the neighboring property. Because Hernandez's deed incorporated the recorded plat's reservation of the 1.32 acre strip to be used for access to Whittemore's property, and because the plat was recorded, Hernandez is deemed to be on notice of this reservation and takes title subject to the easement described therein. See *Hardage v. Lewis*[5]

---

[3] *Safeco Title Ins. Co. v. C & S Nat. Bank*, 190 Ga. App. 809, 810 (1) (380 SE2d 477) (1989).
[4] *Lewis v. Bowen*, 209 Ga. 717 (1) (75 SE2d 422) (1953).
[5] *Hardage v. Lewis*, 199 Ga. App. 632, 633 (405 SE2d 732) (1991).

("[i]t is presumed that a purchaser has examined every deed and instrument affecting the title") (punctuation omitted). This is so, because

> [w]here a deed to land refers to a map or plat as a part of the description of the land conveyed, such map or plat will ordinarily be considered as incorporated in the deed itself. Further, where a plat is so incorporated by reference in a deed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written on the face of the deed or grant itself.

(Citation and punctuation omitted.) *Chicago Title Ins. Co. v. Investguard, Ltd.*[6] Moreover, there is nothing ambiguous or unclear about the location or the nature of the use of the 1.32 acre strip of land. Therefore, the trial court correctly interpreted Hernandez's deed as subject to and containing the encumbrance, and Hernandez cannot now deny its existence.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 14, 2007.

*Savage, Turner, Pinson & Karsman, Stanley Karsman*, for appellants.

*Brannen, Searcy & Smith, Charles V. Loncon*, for appellee.

---

[6] *Chicago Title Ins. Co. v. Investguard, Ltd.*, 215 Ga. App. 121, 123-124 (2) (449 SE2d 681) (1994).