**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J, and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 2, 2017**

# In the Court of Appeals of Georgia

A17A0009. DENAPOLI et al v. OWEN et al.                    DO-001

DOYLE, Chief Judge.

Anthony and Tina DeNapoli purchased 1.97 acres ("Lot 2") from Kenneth and Kathy Owen, who also owned various other parcels around Lot 2. After the sale, the Owens began construction of a driveway across Lot 2 toward an abutting parcel the Owens still owned ("Lot 3"), clearing a 20-foot-wide swath of trees and brush off of the DeNapolis' property. The DeNapolis subsequently filed suit against the Owens and their company, Custom Log Homes, requesting temporary and permanent injunctions to halt construction of the driveway, alleging claims of trespass and fraudulent misrepresentation, and asking for attorney fees and punitive damages. The Owens answered and alleged counterclaims of trespass and tortious interference with

property rights and requested a declaratory judgment, reformation of the warranty deed, and interlocutory and permanent injunctions.

After a bench trial on the claims for injunctions and a declaratory judgment,[1] the trial court denied the DeNapolis' request for injunctions and granted the Owens' claims for declaratory judgment and interlocutory and permanent injunctions, finding that the DeNapolis purchased title to Lot 2 subject to a 20-foot easement in favor of Lot 3 pursuant to the legal principles of "notice and caveat emptor." The DeNapolis appeal, arguing that the trial court erred by finding that the Owens had an easement across Lot 2 because (1) the inclusion of "proposed 20' easement" in the plat for Lot 2 was not sufficient to create an easement; (2) caveat emptor is not applicable to the situation; (3) any protective covenants in the subdivision plat did not create an easement in favor of Lot 3 for a driveway across Lot 2; (4) the merger doctrine extinguished any of the Owens' easement rights; and (5) any remaining rights that were not extinguished by the merger doctrine passed to the DeNapolis at the time of purchase. For the reasons that follow, we reverse.

On an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided

---

[1] The remaining claims are pending in the trial court.

by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them. [Nevertheless], if the trial court makes a finding of fact which is unsupported by the record, that finding cannot be upheld[,] and any judgment based upon such a finding must be reversed.[2]

Viewed in this light, the record reveals that the Owens purchased approximately 103 acres off Big Creek Road in Fannin County, from which parcel they subdivided three lots for resale. Two lots were along the public road (Lots 1 and 2) and sit between the road and Lot 3. To the west of Lots 1 and Lot 3 lies a portion of the original parcel still owned by the Owens. Lot 2 lies to the east of Lot 1.[3]

In the plats for Lots 2 and Lot 3, an area along the western edge of Lot 2 is marked as a proposed 20-foot easement. In May 2015, the DeNapolis purchased Lot 2 from the Owens. At no point in any of the documents of sale or in the deed from the Owens to the DeNapolis is there an express reservation of a 20-foot access easement

---

[2] (Punctuation omitted.) *Central Mtg. Co. v. Humphrey*, 328 Ga. App. 474, 475 (759 SE2d 896) (2014), quoting *Champion Windows of Chattanooga, LLC v. Edwards*, 326 Ga. App. 232, 233 (756 SE2d 314) (2014).

[3] Lot 1 was sold to a third party prior to the DeNapolis' purchase of Lot 2.

across Lot 2 for the benefit of Lot 3.[4] After the DeNapolis' closed, they visited the house in June to find that a large swath of trees had been cut and land had been bulldozed across their property running north toward Lot 3 from the main road.

At the end of the trial, the court found in favor of the Owens as to the issues of declaratory judgment and injunctive relief, finding that the DeNapolis were on notice and should have investigated more thoroughly whether an easement existed.

1. As an initial matter, the Owens have filed a supplemental brief without first obtaining leave to file from this Court. Accordingly, the information contained in that document has not been considered for purposes of this appeal.[5]

2. The DeNapolis argue that the trial court erred by finding that the Owens retained a 20-foot easement for the benefit of Lot 3 across Lot 2.[6] We agree.

---

[4] There is a mention of utility, common water system, and road system covenants that the Owens had created in the early 1980s; however, there is no contention that these serve as the basis for the driveway at issue, and indeed, testimony at the hearing showed that the Owens had not incorporated by construction Lots 1, 2, or 3 into the common water and road systems at issue in those covenants prior to their sale.

[5] See Court of Appeals Rule 27 (a) ("Supplemental briefs may be filed only by leave of the Court.").

[6] For the sake of clarity, rather than addressing the DeNapolis' enumerations of error individually and in the order presented, we instead address the overarching complaint on appeal—that the trial court erred by finding the existence of an

The right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by [twenty] years' use through wild lands, by implication of law when the right is necessary to the enjoyment of lands granted by the same owner, or by compulsory purchase and sale through the superior court in the manner prescribed by Article 3 of this chapter.[7]

(a) *No express easement*. At the time of the conveyance to the DeNapolis, the Owens failed to retain an easement over Lot 2. First, the deed contains no express creation of an easement.[8] Second, to the extent that the survey contains a demarcation noted as "proposed 20' easement," without expressly reserving a right to that interest, the proposal remains an unenforceable hope or suggestion.[9] To the extent that the Owens cite *Hernandez v. Whittemore*[10] in support of their contention that the plats for Lots 2 and 3 show that the easement was reserved, their argument fails because in *Hernandez*, the common grantor specifically recorded the lot at issue as being an

easement.

[7] OCGA § 44-9-1.

[8] See *Deas v. Hughes*, 264 Ga. 9, 10-11 (1) (440 SE2d 458) (1994).

[9] See id. at 11 (3).

[10] 287 Ga. App. 251 (651 SE2d 180) (2007).

5

access lot for the benefit of adjacent lots and not for building.[11] Here, in contrast, the plats for both Lots 2 and 3 contain the modifier "proposed" and never go so far as to expressly reserve the easement. Finally, nothing in the subdivision documents from the early 1980s appears to create an access easement over that portion of the property.

b. *No easement by implication*. Although the trial court did not make a written finding that an easement by implication was created at the time that the Owens sold Lot 2 to the DeNapolis, in its oral ruling the trial court discussed the landlocked status of Lot 3 as a reason the court would have ruled in favor of the Owens had he not found that they expressly created the easement. There could be no easement by implication at the time of the sale to the DeNapolis, however, as explained in *Bruno v. Evans*[12]:

> The right of private way over another's land may arise by implication of law when the right is necessary to the enjoyment of lands granted by the same owner. Thus, a way of necessity arises in this State by implication

---

[11] See id. at 253 ("The present-tense phrase that the strip of land on the plat is being created for the sole purpose of providing access evinces an intent to create an easement at that time; the plat lacks any other language implying some contemplated future action intended to grant the easement for access. Accordingly, this language sufficiently evinces the grantor's intent to create an express grant of an easement by recording the plat.").

[12] 200 Ga. App. 437 (408 SE2d 458) (1991).

of law under . . . OCGA § 44-9-1 when the common owner sells the dominant estate first and retains the servient estate. The common owner is impliedly deemed to have granted an easement to pass over the servient estate. However, if the common owner sells the servient estate first as happened in this case, he has deeded everything within his power to deed and retains no easement in the servient estate. Therefore, when the common grantor subsequently deeds the dominant estate to a third party, the third party can obtain no higher interest than that of the grantor and receives no easement over the servient estate. Accordingly, no easement by implication was created in this case.

Assuming arguendo, sequence of conveyance was not controlling in those instances where easement is created by implied reservation due to necessity, the result in this case remains the same. In these cases, a private way by implication is based on necessity and not convenience. Moreover, a reasonable necessity for a way must exist at the time of the severance to support the implication of a way of necessity. The record fails to establish the actual existence of such necessity at the time of the severance of the property by the common grantor.[13]

At the time that the DeNapolis purchased Lot 2 from the Owens, the Owens retained Lot 3, abutting additional property owned by the Owens through which they maintained access to the public road. Because the Owens failed to expressly retain an easement over Lot 2 and because no way of necessity existed at the time of the sale

---

[13] (Citations and punctuation omitted.) Id. at 440-441 (3) (b).

to the DeNapolis, there was no easement by implication.[14] Accordingly, the trial court's order is reversed.

3. Finally, the Owens filed a motion to dismiss and an amended motion to dismiss the appeal as moot because of the subsequent sale by them of Lot 3 to a third party. The sale, however, does not moot the issue of whether the Owens created an easement over Lot 2 prior to selling to the DeNapolis, nor does it moot the pending claims in the trial court below. Accordingly, the motion to dismiss and amended motion to dismiss are hereby denied.

*Judgment reversed. Miller, P. J. and Reese, J., concur.*

---

[14] See id.