**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A1472. JONES v. DHO, INC.

McFADDEN, Presiding Judge.

This case concerns whether DHO, Inc., which owns otherwise landlocked property in the City of Atlanta that abuts an alley (the "DHO property"), has an easement to use portions of the alley abutting property owned by DHO's neighbor, Ryan Michael Jones (the "Jones property"). Jones brought an action asking for a declaratory judgment that DHO has no easement in the alley, and in response to cross-motions for summary judgment the trial court granted summary judgment to DHO and denied summary judgment to Jones.

As detailed below, we hold that an easement in the alley was created in favor of the original purchaser of DHO's lot. But the evidence of record does not establish as

a matter of law whether or not, before DHO acquired its property, that easement was extinguished.

We also hold that DHO has not shown that it has an easement in the alley as a matter of law on the basis that its property is landlocked.

Consequently, neither party is entitled to summary judgment on Jones's request for a declaratory judgment regarding the easement, so we affirm the denial of summary judgment to Jones and reverse the grant of summary judgment to DHO.

1. *Factual and procedural overview*

Most of the relevant facts are undisputed. The Jones and DHO properties both descend from the same original subdivision created in 1906 by C. U. Dahlgren and J. W. Ferguson ("the developers") and described on a recorded plat that designates lots, streets, and alleys, including the alley at issue in this case. The Jones property is one of the lots designated on the plat. The DHO property is comprised of the rear portions of two of the lots designated on the plat. The appellate record does not show when the DHO property was carved out of those two lots, although it appears to have occurred sometime between the creation of the plat in 1906 and the recording of a quitclaim deed in 1953 that describes the DHO property.

2

An alley, designated on the plat, runs between the Jones and DHO properties. There is no street access to the DHO property, and to access the DHO property one must traverse the portion of the alley abutting the Jones property, which is closer to the connecting street than the DHO property.

Jones bought his property in 2019. The limited warranty deed conveying the property to him contains a metes and bounds description that expressly refers to both the alley and the recorded 1906 plat.

DHO bought its property in 2018 in a tax sale. The tax deed conveying the property to DHO does not expressly refer to either the alley or the deed book and page number of the recorded 1906 plat. But it states in its description of the property that the "plat and deed are a part hereof excluding rights of way and easements." It also describes the property with reference to a 2016 limited warranty deed, which in turn describes the property with reference to the 1953 quit claim deed. The 1953 quit claim deed expressly refers to the alley in its description of the property.

At some point in time before Jones and DHO bought their properties, the City of Atlanta passed an ordinance in which it abandoned its interest in all but three alleys

within the city limits. See City of Atlanta Code of Ordinances, § 138-5. The ordinance provides that

> [w]hen the city shall need to acquire real property, right-of-way, or, easements within an alley, the city has and will, barring evidence to the contrary, assume the centerline of the alley to be the property line between abutting private properties, and shall consider the area within the alley to belong in equal proportions to the abutting property owners.

Id. at § 138-5 (d). The record contains a legal memorandum from the city's Department of Planning and Community Development stating that "[t]he [c]ity's interpretation of the law relating to abandoned alleys is that property owners abutting these alleys have an undivided common interest in the adjoining alley which is similar to an easement although it is not recorded."

A dispute arose between Jones and DHO about DHO's use of the alley, and Jones brought this action seeking a declaration that DHO does "not have any right to use the [a]lley for ingress and egress to the DHO [p]roperty or for any other purpose, and that no easement rights to the [a]lley are appurtenant to the DHO [p]roperty."[1]

---

[1] Jones also asserted claims against another party that are not at issue in this appeal, as well as a claim for attorney fees against DHO that Jones later dismissed.

Both parties sought summary judgment on Jones's declaratory judgment claim. The trial court entered an order granting summary judgment to DHO and denying summary judgment to Jones. She held that "title for each property abutting the alley extends to the center line of the portion of the alley that abuts each respective property. No property owner shall have a right to obstruct the alley or prevent other lot owners from using the alley."

2. *Analysis*

To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." OCGA § 9-11-56 (c). Neither Jones nor DHO has made this showing.

(a) *Existence of an easement permitting abutting property owners to use the alley*

"Speaking generally, an easement is an interest in land owned and possessed by another." *WS CE Resort Owner v. Holland*, 315 Ga. 691, 694 (2) (a) (884 SE2d 282) (2023). It appears to be undisputed that both parties' deeds can be traced back to the developers and that, when the developers created the original subdivision, they

created easements in favor of each lot. So the question before us is whether DHO's easement has been extinguished.

(i) *Creation of an easement through a developer's sale*

An easement can be created through a "developer's sale of lots in a subdivision according to a recorded plat . . . ." *Northpark Assocs. No. 2 Ltd. v. Homart Dev. Co.*, 262 Ga. 138, 139 (1) (414 SE2d 214) (1992). Our Supreme Court has explained creation of deeds through a developer's sale as follows:

> When the owner of a tract or boundary of land divides it into lots, streets, and alleys, causes a map or plat of the same to be made and duly recorded whereby the lots, streets, and alleys are delineated, and sells the lots with reference thereto, the purchasers acquire private property rights in the streets and alleys of the subdivision. . . . As lots in [the] subdivision [are] sold, and the purchasers [get] their deeds thereto, the purchasers acquire[ ] title to the lots and the rights of way over these streets as appurtenant thereto. *The fee in the land embraced in the streets bec[omes] vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in [the] subdivision, for the purposes of ingress and egress to and from their lots. These purchasers acquire*[ ] a clear title to their lots, *a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots.* These principles apply whether the alley or street extends from one street to another, or is a cul-de-sac extending only from one street to a terminus

in another portion of the subdivision. And *it is not essential to the acquisition of such easement by the purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use.*

*Owens Hardware Co. v. Walters*, 210 Ga. 321 (1) (80 SE2d 285) (1954) (citations and punctuation omitted) (emphasis supplied). See, e. g., *WS CE Resort Owner*, 315 Ga. at 695 (2) (a); *Northpark Assocs. No. 2 Ltd.*, 262 Ga. at 139 (1) (a); *Smith v. Clay*, 239 Ga. 220, 221 (236 SE2d 346) (1977); *Ford v. Harris*, 95 Ga. 97, 101 (22 SE 144) (1894).

"An easement created in this manner is an easement by express grant. . . ." *Goodson v. Ford*, 290 Ga. 662, 665 (3) (725 SE2d 229) (2012) (citation and punctuation omitted). And it is appurtenant to the lots. *Tietjen v. Meldrim*, 169 Ga. 678, 699 (151 SE 349) (1930); *Ford*, 95 Ga. at 101. Consequently, it passes by operation of law with a conveyance of the property. Daniel F. Hinkel, 1 Pindar's Ga. Real Estate Law & Procedure § 8-23 (7th ed., 2013) ("Pindar's"). See *Ford*, 95 Ga. at 101. For this reason, a purchaser may acquire such an easement from a deed that does not itself reference the plat but descends in a chain of title from other deeds that reference the plat. *Zywiciel v. Historic Westside Village Partners*, 313 Ga. App. 397, 399-400 (1) (721

SE2d 617) (2011). So the absence of language creating or reflecting an easement from DHO's deed is not dispositive.

The deeds between the developers and the original purchasers of the lots that now comprise the Jones and DHO properties are not in the record before us. But the parties do not appear to dispute that those original purchasers received easement rights in the alley and fee-simple title up to the center line of the portion of the alley abutting their lots.

(ii) *Extinguishment of easements*

Instead, the parties' dispute turns on whether the DHO property still has an easement right in the alley. An easement for a right-of-way appurtenant to lots in a subdivision may be extinguished. See *Tietjen*, 169 Ga. at 699-700 (9); *Jones v. Lick Log Creek*, 366 Ga. App. 899, 905-906 (1) (b) (884 SE2d 570) (2023). But "our law does not favor the extinguishment of easements." *Zywiciel*, 313 Ga. App. at 401 (3).

(iii) *Language of DHO's deed and the city's abandonment of alleys*

Jones argues that the language of the 2018 tax deed to DHO, which describes the conveyed property as "excluding rights of way and easements," means that DHO does not have an easement in the alley. The trial court disagreed, referring to that

8

phrase as "boilerplate" and holding that the language of the deed did not "exclude DHO from rights to the alley" because DHO's rights derived from the City of Atlanta's abandonment of the alley.

We agree with Jones that the reasoning behind the trial court's disregard of the "excluding...easements" language in the 2018 tax deed was erroneous. As explained above, the easements appurtenant to the properties abutting the alley were created when the developers sold those properties to their original owners. The city's later abandonment of alleys within the city limits did not affect those private easements. See *Northpark Assocs. No. 2 Ltd.*, 262 Ga. at 140 (1) ("Once acquired, a private easement in a road is not extinguished when a [public authority] abandons the road[.]"). See also *Bayard v. Hargrove*, 45 Ga. 342, 351 (1872); *Zywiciel*, 313 Ga. App. at 400-401 (2).

And, as Jones argues, there is no evidence in the record supporting the trial court's finding that at some point the city obtained fee-simple title to the alley, a finding that the trial court used in her analysis of the effect of the "excluding . . . easements" language. "A governing authority can acquire fee-simple title to a . . . road only through condemnation or an express grant in a deed or other instrument. Where

9

. . . a road is established by dedication and there is no express grant of fee-simple title, an easement results." *Northpark Assocs. No. 2 Ltd.*, 262 Ga. at 141 (2) (citation and punctuation omitted). See *Bayard*, 45 Ga. at 350-351 (generally, "the ownership of a fee in a highway or street is prima facie to be considered as in the owners of the abutting land," even if the street is dedicated to and accepted by a city). Although the trial court pointed to purported admissions in judicio as evidence of the city's ownership of the alley, Jones did not admit that the city had a fee-simple title in the alley; he simply admitted that the city had an interest of some kind that it abandoned when it passed the ordinance.

Instead, construction of the 2018 tax deed, including the effect of the "excluding . . . easements" language, requires a determination of whether the deed is ambiguous and, if so, whether the application of rules of textual construction can resolve the ambiguities. See *Great Water Lanier v. Summer Crest at the Four Seasons on Lanier Homeowners Ass'n*, 344 Ga. App. 180, 186 (1) (811 SE2d 1) (2018). We are not convinced that the deed is unambiguous. Although it uses the "excluding . . . easements" language, it also makes a general reference to a plat and incorporates the property description from the 2016 limited warranty deed, which in turn incorporates

the property description from the 1953 quitclaim deed that refers to the alley. See

*Donald Azar, Inc. v. Muche*, 326 Ga. App. 726, 729 (1) (761 SE2d 345) (2014) ("a deed

describing a tract as bounded by a street or alley will by operation of law confer upon

the grantee a private easement for the use of such street or alley" (citation and

punctuation omitted). Cf. *MDC Blackshear v. Littell*, 273 Ga. 169, 172 (2) (537 SE2d

356) (2000) (noting that a reference to an alley in the chain of title to a party's

property affects the determination of the interest the party has in the property).

Moreover, while the phrase "excluding . . . easements" could reflect the

grantor's intent to extinguish the easement, it could also reflect the opposite. It could

reflect the grantor's intent to clarify that the property conveyed is encumbered by

easements appurtenant to other properties abutting the alley.

Indeed, clarifying the existence of easements is a more likely construction of the

phrase "excluding . . . easements" with regard to the 2016 limited warranty deed,

which used that phrase in conveying the DHO property to DHO's predecessor-in-

title. The purpose of a warranty deed is to warrant title, and the grantor of such a deed

must specify encumbrances that will not be cured or defended by the grantor. *Great*

*Water Lanier*, 344 Ga. App. at 187 (1).

And regardless of the intent of such language, it is not clear that the mere inclusion of the phrase "excluding . . . easements" would have the effect of extinguishing the easement. See 1 Pindar's § 8-23 ("An appurtenant easement may not be severed from its dominant tenement without the consent of the servient landowner[.]").

But the parties have not briefed these questions related to the construction of the 2018 tax deed, either to the trial court or to this court. Consequently, it is not appropriate for us to engage in these questions in the first instance as a ground for either affirming the grant of summary judgment to DHO or reversing the denial of summary judgment to Jones. See generally *Ga.-Pac. v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (holding that we cannot affirm a grant of summary judgment as right for any reason for a reason not raised before the trial court); *Heard v. City of Villa Rica*, 306 Ga. App. 291, 293-294 (1) (701 SE2d 915) (2010) (holding that we cannot apply a "wrong for any reason" rule to reverse a trial court ruling on an issue not raised before that court).

In summary, it appears from the record that at some point in time an easement appurtenant to the DHO property was created. But neither party has shown as a

matter of law that the easement does nor does not still exist, because the evidence of record and arguments made to the trial court and this court do not address the dispositive question of whether the easement subsequently was extinguished. So neither party has shown that they are entitled to summary judgment.

(b) *Effect of the DHO property being landlocked*

Alternatively, the trial court held that DHO had an easement in the alley as a matter of law because its property was landlocked and accessible only through the alley. Jones argues that this was error, and we agree.

DHO did not seek to obtain an easement through OCGA § 44-9-40, which permits a superior court to grant private easements to access landlocked property in certain circumstances.

And DHO did not obtain an easement by implication of law. "The right of private way over another's land may arise by implication of law when the right is necessary to the enjoyment of lands *granted by the same owner*." *DeNapoli v. Owen*, 341 Ga. App. 517, 520 (2) (b) (801 SE2d 314) (2017) (citation and punctuation omitted; emphasis supplied). While the DHO property and the Jones property originally were part of a single tract of land with common owners (the subdivision developers), the

13

"reasonable necessity for a way must exist at the time of the severance [from the common owners] to support the implication of a way of necessity." Id. (citation and punctuation omitted). That did not occur here, because when the developers originally sold the lots the DHO property was part of two lots that had street access. The reasonable necessity for a private way did not arise until the DHO property was carved out of those two lots, thereby losing its street access, at a later point in time.

So the current landlocked status of the DHO property does not entitle DHO to an easement, and the trial court erred to the extent she granted summary judgment to DHO on this alternative basis.

*Judgment affirmed in part and reversed in part. Hodges and Pipkin, JJ., concur.*